## GOODYEAR DENTAL VULCANITE COMPANY *vs.* THOMAS H. BACON.

Suffolk.    January 15, 1889. — February 28, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Bond — Declaration — Demurrer — Seal — Appeal.*

The declaration of a corporation alleged that "the defendant executed to it" a bond, reciting that one "as principal," and three, including the defendant, "as sureties, . . . are holden and stand firmly bound unto" the corporation in a certain sum, the condition being the faithful performance by such principal of his duties as its treasurer, and signed by the three only, each for a part of the penalty; that the treasurer was unfaithful, and converted to his own use its property, which was described; "and so the plaintiff is entitled to recover of the defendant a sum" equal to that for which he signed. *Held*, on demurrer, that the declaration imported a state of facts which, if proved, would entitle the plaintiff to recover.

The objection that the defendant's signature was not under seal, not being specified in the demurrer, was *held* not to be open on appeal.

CONTRACT.    The declaration of the plaintiff contained the following allegations : " And the plaintiff says the defendant executed to it a bond," which was annexed to the declaration, and of which the following, to which no seals were attached, is a copy:

" Know all men by these presents: that we, E. Ernest Caduc, of Hyde Park, Norfolk County, Mass., as principal, and Sarah T. Bacon, of Boston, Mass., George P. Bates, of Boston, Mass., Thomas H. Bacon, of Brookline, Norfolk County, Mass., as sureties, are holden and stand firmly bound unto the Goodyear Dental Vulcanite Company, a corporation duly established by law, in the sum of twenty thousand dollars, to the payment of which to the said corporation or its assigns we hereby jointly and severally bind ourselves, our heirs, executors, and administrators, according to the amounts set against our respective

names.   The condition of the obligation is such that whereas the said E. Ernest Caduc has been duly elected treasurer of the above named corporation, and has accepted said office, now, therefore, if the said E. Ernest Caduc shall faithfully perform and discharge all the duties of said office during the term for which he has· been elected, and during such further time as he may continue to hold said office, whether by re-election or otherwise, then this obligation shall be void, otherwise it shall be and remain in full force and virtue.   In witness whereof, we hereunto set our hands and seals this twenty-ninth day of May, A. D. 1879.   Sarah T. Bacon, for five thousand dollars, George P. Bates, for five thousand dollars, Thomas H. Bacon, for ten thousand dollars."

" And the plaintiff says, that E. Ernest Caduc, named in said bond, did not faithfully perform and discharge all the duties of his office as treasurer of the plaintiff corporation, as stipulated in said bond, but said Caduc received as such treasurer, and converted to his own use, divers large sums of money and divers articles of personal property of the plaintiff corporation, more particularly stated " in a schedule annexed, " to the value of more than fifteen thousand dollars.   And so the plaintiff is entitled to recover of defendant the sum of ten thousand dollars, with interest thereon."

The defendant demurred to the declaration, on the ground that it did not set forth a legal cause of action, " for that it does not appear in said declaration that the principal ever signed or entered into the written obligation or bond upon which it is sought to hold the defendant as his surety."

The Superior Court sustained the demurrer, and ordered judgment for the defendant; and the plaintiff appealed to this court.

*H. N. Sheldon,* for the plaintiff.

*J. R. Bullard,* for the defendant.

C. ALLEN, J.   The only question is as to the sufficiency of the plaintiff's declaration.   The averment that the defendant executed to it a bond is in the form given in the statutes for a declaration upon a bond, and implies a delivery of the bond to the plaintiff.   Pub. Sts. c. 167, § 94, Schedule of Forms. The bond is a several obligation.   If the defendant, knowing that Caduc had not signed it as principal, but intending never·

theless to be himself bound as surety, executed the bond and delivered it as it is, as and for his bond, he may be held liable upon it. Caduc was liable without a bond. *Goodyear Dental Vulcanite Co.* v. *Caduc*, 144 Mass. 85. The declaration imports a state of facts which, if proved, will entitle the plaintiff to recover. *Herrick* v. *Johnson*, 11 Met. 26.

The objection that the defendant's signature was not under seal was not specified in the demurrer, and is not now open. Pub. Sts. c. 167, § 12.

*Judgment reversed, and demurrer overruled.*