## CITY OF DEERING *vs.* EDWARD MOORE.

Cumberland.    Opinion December 26, 1893.

86  181
97  588

*Bond.    Surety.    Contribution.    Discharge.    R. S., c. 82, § 45.*

The failure of a collector of taxes to sign his bond delivered to the town with
sureties will not invalidate the same, because the liability imposed by law
is precisely the same as if the bond had been signed by the principal.    The
covenants in the bond would not have changed the legal relation of the
parties.

When sureties bind themselves severally for the payment of the same debt
they are liable to contribution so that all shall fare alike.    The release of
one by deed would release all; but the discharge of one on part payment of
the liability, would not, although the discharge of the debt might do so,
under the provisions of R. S., c. 82, § 45.

AGREED STATEMENT.

It appeared from the facts stated by the parties, that this was
a suit on two bonds, of a collector of taxes for the town of
Deering, one for the year 1884, one for 1885, the last named
one not having been signed by the principal.    The penal sum
was $30,000, and each surety bound himself severally in the
sum of $5000.

It was agreed that defendant is liable on the first bond, that of
1884, to the amount of $82.00.    And that if this is the only
liability in this suit, costs are to be taxed for each party as
though an offer to be defaulted for this amount had been filed
on the first day of the January term, 1893.

It was further agreed as to the bond of 1885, being the second
one in said suit, that in 1885, Grenville M. Stevens, having been
chosen and qualified as collector of taxes of Deering, procured
the second bond in suit, to be executed; but his name as princi-
pal, was not signed on it.    The town of Deering became the
City of Deering, by chapter 506, Private Laws of 1889, with all
rights preserved.

After the execution of the bond by the parties signing it, it was
delivered by said Stevens, to the assessors of taxes of said
Deering, who made a legal assessment of the taxes of said Deering
for that year, and delivered to said Stevens, as collector, a legal
commitment and warrant for the collection of said taxes.

Of the taxes so committed to him, said Stevens has failed to pay over to the proper officers the sum of $883.98. Of this deficiency, together with the deficiency on the bond of 1884, plaintiff has received from Messrs. Sawyer and Dunham, two of the sureties, $187.50 each, in full discharge from liability upon each bond, and is willing to assume the collection of $187.50, from Mr. Bell, another surety. The other signers, except defendant, are not good financially, nor is said collector. Plaintiff made same offer of settlement to defendant at the same time. The bonds for 1884 and 1885, are the same except the necessary changes in dates and amounts, and the bond of 1884, was executed by said Grenville M. Stevens. Plaintiff's offer of settlement was to receive $750.00, in full discharge of liability on both bonds, or one quarter of that sum, from each of the good signers.

If said bond of 1885, is obligatory upon said Moore, he is to be defaulted. Hearing in damages to be had at *nisi prius.* If said bond of 1885, is not obligatory upon said Moore, he is to be defaulted for $82.00.

The case was submitted to the law court.

*George C. Hopkins,* for plaintiff.

Liability : *Clark* v. *Metcalf,* 38 Maine, 126, and cases; *Cleaves* v. *Dockray,* 67 Maine, 123. Damages : *Machiasport* v. *Small,* 77 Maine, 110. No contribution : *Bancroft* v. *Abbott,* 3 Allen, 524; *Fitzpatrick* v. *B. & M. R. R.* 84 Maine, p. 41, and cases.

*C. P. Mattocks and L. Barton,* for defendant.

Validity : Murfree on Official Bonds, § § 7, 8; *Wildcat Branch* v. *Bail,* 45 Ind. 213. Liability : *Wood* v. *Washburn,* 2 Pick. 24; 1 Am. Law of Administration, p. 552 ; Brandt, Suretyship, § 121; *Baldwin* v. *Gordon,* 12 Martin, 378 ; *State* v. *Bugg,* 6 Robinson (La.), 63 ; *Ferry* v. *Burchard,* 21 Conn. 597 ; *Bean* v. *Parker,* 17 Mass. 591. Intention of obligor, and negligence of obligee, in accepting imperfect bond : *Wildcat Branch* v. *Bail, supra* ; *Maguire* v. *Park,* 140 Mass. p. 21 ; *Bracken County* v. *Daum,* 80 Ky. 388 ; *Blakey*

v. *Johnson*, 13 Bush, 197, and cases ; *Goodyear Co.* v. *Bacon*, 148 Mass. 543 ; *Fay* v. *Richardson*, 7 Pick. 91 ; *Steele* v. *Miller*, 40 Iowa, 402 ; *Stiles* v. *Probst*, 69 Ind. 382 ; *Dair* v. *U. S.* 16 Wall. 1, 6 ; *Pawling* v. *U. S.* 4 Cranch, 219 ; *State* v. *Peck*, 53 Maine, 584 ; *U. S.* v. *Hammond*, 4 Biss. C. C. 283, 285.

SITTING : PETERS, C. J., EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

HASKELL, J.　Debt by an obligee against a surety upon two bonds, given by a collector of taxes for the years, 1884 and 1885, respectively. The last bond was not signed by the principal. Each surety bound himself severally, and not jointly, in the sum of $5000. The obligee received from two sureties a sum of money, "in full discharge from liability upon each bond." Two questions are presented :

I.　Did the failure of the principal to sign the last bond render it void? We think not. The bond was conditioned that the principal should faithfully perform official duty. This he was bound by law to do, just as effectually as if he had covenanted to do it by signing the bond. The engagement of the surety, therefore, rested upon the legal obligation of the principal already incurred. It is not like the cases, often referred to, where no obligation attaches to the principal, outside of the bond itself. In those cases, the principal not being bound, it would be unjust to hold the surety. Nor is it like the case of bail, where the sureties have peculiar rights flowing from the stipulation agreed to by the principal. The bond must be held good at common law. *Howard* v. *Brown*, 21 Maine, 385 ; *Scarborough* v. *Parker*, 53 Maine, 252 ; *Goodyear Co.* v. *Bacon*, 148 Mass. 542.

II.　Did the discharge of two sureties release the defendant, another surety? No. The defendant was one of six sureties, who bound themselves severally and not jointly, each in the sum of $5000. Their relations to each other are precisely the same as if each one had executed a separate bond. They are neither necessarily joint debtors, nor joint sureties. Had the

principal executed the bond, he would have bound himself in the sum of $30,000. The sureties, instead of standing in jointly for that amount, divided it equally among them, and each one became severally bound for his aliquot share. They are sureties for the principal, and may or may not be called upon to bear a common burden, as circumstances may require. If they are, (that is, if the whole liability be less than the aggregate amount assumed by all of them, it becomes a common burden, not by reason of any contract or engagement .to indemnify each other, but on the principle of equity, that a common burden shall be equally borne by all,) they become co-sureties, and stand in relation to each other as joint debtors, and are bound to contribute to each other, so that they shall all fare alike. In cases of this sort, of course, none can be charged beyond the amount that he has stipulated for. *Warner* v. *Morrison*, 3 Allen, 567. It follows, therefore, that the release of one would work the release of all. That is based upon the presumption of payment, the seal being conclusive evidence of complete and ample consideration. To work the discharge of a debtor, the agreement must be made upon sufficient consideration, and that pays the debt. At common law, the part payment of a debt is not sufficient consideration for its discharge. *Bailey* v. *Day*, 26 Maine, 88 ; *Potter* v. *Green*, 6 Allen, 442. If the discharge be by a sealed instrument, it is of no consequence what the actual consideration may be, for the seal is conclusive evidence of sufficient consideration. By the statute of this State, passed in 1851, c. 213, R. S., c. 82, § 45, the settlement of a demand upon the receipt of money or other valuable consideration, however small, will bar an action upon it. It should be observed that the demand must be settled, in order to effectuate that result. The discharge of a debtor from liability upon a demand that is to remain outstanding will not so operate. This distinction applies where one or two joint debtors is discharged upon the consideration of part payment, leaving the demand outstanding against the other. Such discharge will not bar an action against both ; nor can it be pleaded by the other in an action against him, if the liability be several. *Bank* v. *Mar-*

*shall*, 73 Maine, 79; *Drinkwater* v. *Jordan*, 46 Maine, 432; *McAllester* v. *Sprague*, 34 Maine, 296.

In the case at bar, the attempted discharge of some of the sureties is not pretended to have been by a sealed instrument. Had it been, it would have worked a discharge of all the sureties, for they stand in the relation to each other of joint debtors, being co-sureties for the payment of the same debt. Nor does it pretend to have discharged the whole debt, as provided for by statute. It simply presumes to discharge some sureties from a liability or debt that was to remain outstanding, and, therefore, not being upon sufficient consideration that would have paid the debt, or so much of it as they had engaged to pay by their covenant, nor evidenced by a sealed instrument, it was ineffectual to discharge any one.

The result is, damages upon the last bond should be assessed in a sum equal to the existing default of the principal, with interest from the time it accrued, leaving the defendant to such claims for contribution as shall prove just.

*Defendant defaulted. Damages to be assessed below.*