(45 Misc. 376)

ADELBERG et al. v. UNITED STATES FIDELITY & GUARANTEE CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. SURETYSHIP—BOND OF INDEMNITY—EMPLOYÉ'S BOND—REQUIREMENTS—SIGNATURE OF EMPLOYÉ.

Where a bond given by an insurer of the fidelity of an employé made it essential to its validity that the employé's signature be subscribed thereto, but it was never signed by him, the bond was invalid, notwithstanding subsequent renewals, they being subject to all the conditions contained in the original bond, and though there was nothing in the bond to indicate that the insured, and not the insurer, was to procure the employé to sign the bond.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Abraham Adelberg and another against the United States Fidelity & Guarantee Company. From a judgment in favor of plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Leonidas Dennis, for appellant.

Samuel Plumber, for respondents.

FREEDMAN, P. J. Plaintiffs brought this action upon a bond of indemnity, issued by the defendant, covering specified acts and the defaults of one White, an employé of plaintiffs. The bond was issued upon the application of said White, and delivered to him, and by him to plaintiffs.

The bond was issued September 13, 1902, to secure A. Adelberg from August 25, 1902, until August 25, 1903; was by consent of the defend-

ant transferred to plaintiffs as a firm; and was renewed for one year, covering the period from August 25, 1903, to August 25, 1904. The renewal was subject to all the terms and conditions of the original bond. The application was made by White, and made as a basis for the issuing of the bond, and recited that the applicant's position was "manager of branch store at Zanesville, Ohio. I have entire charge of the same." The bond, when issued to White, contained the following clause: This bond is issued on the express understanding that the employé "has not within the knowledge of the employer, at any former period, been a defaulter, and will be invalid and of no force unless signed by the employé." The bond also recites: "Whereas, Charles E. White, Zanesville, Ohio, hereinafter called the employee, has been appointed to the position of manager," etc. The loss for which plaintiff sued accrued when White was acting as manager for one of the plaintiffs' stores at Wheeling, W. Va. The questions on this appeal are limited, by stipulation of the parties hereto, to two: First. That, by the terms of the bond, the bond is void and of no effect unless signed by the employé, and, the bond not having been signed by the employé, judgment should have been for the defendant. Second. The appellant contends that the bond was originally issued for the Zanesville store, and did not cover the employé at the Wheeling store. That by the evidence it appeared that the larceny occurred at the Wheeling store, by reason of which judgment should have been for the defendant.

It is not shown, nor is it contended, that the defendant, at the time the bond was renewed, or even at the time the loss occurred, knew that White had not signed the bond. In an almost precisely similar case, Union Central Life Ins. Co. v. United States Fidelity and Guarantee Co., 58 Atl. 437, the Court of Appeals of Maryland has held:

"Where a bond given by an insurer of the fidelity of an employé provided 'that it is essential to the validity of this bond that the employé's signature be hereunto subscribed and witnessed,' and at the foot of the bond there was a place for the signature of the employé, but it was never signed by him, the bond was invalid, notwithstanding subsequent renewals by renewal receipts explicitly declared to be subject to all the covenants and conditions contained in the original bond."

We have carefully examined the reasoning in the opinion of the Chief Justice in that case, and it would seem that the case at bar must be governed by it. Our attention has not been called by either party to any contrary decisions of the courts of this state upon the point raised by the appellant as to the failure of the employé to sign the bond in suit.

The point raised by the respondent that there was nothing in the bond to indicate that the plaintiffs, and not the defendant, were to procure the employé to sign the bond, is effectually answered in the opinion of the court in the Maryland case, as follows:

"* * * The indemnified cannot complain that there is any hardship inflicted upon it by holding the bond to be invalid by reason of the failure of its own employé to sign it, because it had possession of the bond, and had control of its employé whose fidelity was guarantied, and the failure to secure that employé's signature was due to its own omission or default alone. The indemnity company has the right to make the undertaking depend, as respects its validity, upon the condition that the indemnified's employé sign the bond. The

condition was not unreasonable or illegal. The performance of it was within the power of the indemnified. The neglect or omission of the latter to comply with that condition precedent cannot be ignored when relied on by the indemnitor, and cannot give efficacy to an instrument which, by its unequivocal terms, was not to become operative until that specific condition was complied with."

And as to the renewal the court says:

"The renewal receipts are explicitly declared to be subject to all the covenants and conditions contained in the original bond, and, if the bond itself was inoperative by reason of the failure of the indemnified to have its employé sign it, the renewal receipts could not give it validity. The renewal receipts in terms reasserted the provisions of the bond, and do not purport to continue the bond in force without reference to the conditions upon the observance of which the validity in the first instance depended."

This requiring a reversal of the judgment herein, the other questions raised need not be passed upon.

Judgment reversed. New trial ordered, with costs to appellant to abide the event. All concur.