## OKLAHOMA SASH & DOOR CO. v. AMERICAN BONDING CO.

No. 5359—Opinion Filed Dec. 7, 1915.

Rehearing Denied Jan. 11, 1916.

Second Petition for Rehearing Denied February 12, 1918.

(153 Pac. 1151.)

1. **Insurance—Fidelity Bond — Condition of Liability—Waiver.**

Where a surety bond guaranteeing the holder from larceny or embezzlement of an employe, contains a provision that it is essential to the validity of the bond that it be signed by the employe, it is a condition precedent, and the liability of the surety does not attach unless the bond be signed by the employe, but such condition may be waived.

2. **Same — Action on Bond — Petition.**

Where a petition alleged, in substance, that the surety knew, at the time the bond was delivered, that the employe had not signed it; that when the bond was delivered it was accepted by the plaintiff as complete and as a bond which would, in the event of loss, protect it; that the plaintiff did not know that the bond was incomplete, and did not ascertain this until after the loss; and that, although the defendant knew the employe had not signed the bond, it accepted and retained the premium—held error to sustain a demurrer to the petition.

3. **Same.**

Where in such case the bond provided that the surety would make good to the employer, within 30 days, any loss sustained by the employer from the larceny or embezzlement of the employe, and the petition alleged the default occurred much more than 30 days before suit was brought, held error to sustain the demurrer to the petition.

4. **Same—Defense—Payment of Defalcation—Pleading.**

In such case, if the employe has paid the amount of the defalcation, the defense must be pleaded.

5. **Same—Petition—Embezzlement.**

Petition examined, and held to sufficiently allege the embezzlement by the employe.

(Syllabus by Devereux, C.)

Error from Superior Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by the Oklahoma Sash & Door Company against the American Bonding Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

This was an action on a bond, given by the defendant in error to the plaintiff in error to secure it against the larceny or embezzlement of one of its employes, and

the original petition is, in substance, after alleging that both parties are *corporations,* that:

"The plaintiff, between the 1st day of July, 1912, and the 1st day of July, 1913, had employed as a bookkeeper one Chas. G. Glover. That the duty of the said Chas. G. Glover was to keep a full, true, correct, and complete set of books on behalf of the plaintiff, and the said Chas. G. Glover had charge of the receipts and was also required to keep a correct and true statement of disbursements. That on the 5th day of June, 1912, the American Bonding Company executed and delivered to the plaintiff a general fidelity bond, by which bond the defendant became bound unto the plaintiff in the sum of $2,000, conditioned that the said defendant should pay to the plaintiff any loss sustained by the plaintiff by reason of larceny or embezzlement committed by the said Chas. G. Glover, beginning on the 1st day of July, 1912, at 12 o'clock, noon, and ending the 1st day of July, 1913, at 12 o'clock, noon."

Plaintiff further alleged that beween the 1st day of July, 1912, and the 14th day of October, 1912, said Chas G. Glover, in violation and in breach of his trust, failed and neglected to account to the plaintiff for money received by the said Chas. G. Glover, in the sum of $294.38; the petition specifically setting out the different items of said shortage. Plaintiff further alleged that they had no other fidelity or indemnity insurance covering said defalcations; that they had complied with all the conditions, specifications, and provisions required of them by said bond; that the plaintiff notified the defendant of said defalcation, and furnished them an itemized statement of the shortage of the said Chas G. Glover, and said statement was sent to the defendant within six months from the date of the discovery of said shortage, and praying for judgment against said defendant in the sum of $294.38.

The bond is set out in the petition, and its conditions as applicable to this case, are:

"That if the employe shall, in the position of bookkeeper, or in any other position to which he may be subsequently assigned in the employer's service (except as hereinafter stated) make good to the employer, within thirty days any loss sustained by the employer by larceny or embezzlement committed by the employe during the term commencing on the 1st day of July, 1912, at 12 o'clock noon, this obligation shall be void; otherwise of full force and effect."

The bond further provides:

"This bond is made, issued and accepted upon the following conditions: * * * It is essential to the validity of this bond, and each and every renewal, that this bond be signed by the employe."

The bond was not signed by the employe. A demurrer was interposed to this petition, which was sustained, and the plaintiff, after leave given, filed an amendment to the petition, the material allegations of which are as follows:

"That the said defendant made, executed, and delivered said bond to this plaintiff, knowing that the said principal named in said bond, to wit, Chas. G. Glover, had not signed the same, and the said surety did not, at any time, object to said bond, because same was not signed by the principal named therein. That said surety knew, at the time said bond was delivered, that the principal had not signed the same, and delivered said bond to this plaintiff without raising any objections that said bond was deficient, and allowed this plaintiff to sustain a loss through the acts of said principal, without at any time objecting to the defective condition of said bond. That said surety knew at the time of the delivery of said bond, that same was defective, and delivered same to this plaintiff in its incomplete and defective condition, and at the time same was made, executed, and delivered by the surety to the plaintiff it was accepted by it as complete, and one which would protect it in event loss was sustained by reason of larceny or embezzlement committed by said employe, and the plaintiff did not know same was incomplete and did not ascertain such fact until liability had accrued, and fully relied upon the act of the defendant in furnishing such bond as would give adequate protection, and the absence of the signature of the principal at the time same was delivered was known to the defendant, and was known to the defendant at the time plaintiff paid the requested consideration of $10 to defendant, and plaintiff at said time did not know that the signature of the principal was required, and did not know that the defendant had not secured his signature, and by reason thereof defendant is estopped to deny liability thereon, and waived the requirement of the signature of the principal."

There was a second demurrer to the petition as amended, which was sustained, and the plaintiff below declined to further plead, and elected to stand on the petition as amended. There was a judgment for the defendant, and the plaintiff brings the case to this court by petition in error and transcript.

Shirk & Danner, for plaintiff in error.

Ames, Chambers, Lowe & Richardson, for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above.) It is well settled that, a surety bond containing the provision above set out, making the signature of the employe essential to the validity of bond, such signature is a condition precedent upon which the surety agrees to be bound, and if not complied with, the surety is not liable. See Union Central Life Ins. Co. v. United States Fidelity & Guaranty Co., 99 Md. 423, 58 Atl. 437, 105 Am. St. Rep. 313; Adelberg v. United States Fidelity & Guaranty Co., 45 Misc. Rep. 376, 90 N. Y. Supp. 465. But this condition may be waived, and the question presented by the record is whether the facts alleged in the amendment to the petition, and admitted to be true by the demurrer, amount to a waiver of the signature of the employe. The facts admitted are: First, that the surety knew, at the time the bond was delivered, that the employe had not signed it, and made no objection on this ground when it delivered the bond; second, that when the bond was delivered it was accepted by the plaintiff as complete, and one which would, in the event of loss, protect it; third, that the plaintiff did not know that it was incomplete, and did not ascertain this fact until after this loss had occurred; fourth, that although the defendant knew that the bond was incomplete, it accepted the premium paid to it by the plaintiff; fifth, that the plaintiff did not know that the defendant had not secured the signature of the employe. Do these facts, which in considering the demurrer we must assume to be true, amount to a waiver of the requirements in the bond of the signature of the employe? In Platauer v. American Bonding Co. (Sup.) 92 N. Y. Supp. 238, it is said:

"Upon the decision of this court in the case of Adelberg v. United States Fidelity & Deposit Co. [45 Misc. Rep. 376], 90 N. Y. Supp. 465, this judgment must be reversed. As to the question of waiver raised by the respondent, no merit can be attached, because the bond remained in the possession of the respondent at all times, and no knowledge of the fact that the employe had failed to sign, or that there was any existing breach of the conditions, came to the appellant, in so far as this record reveals, until after the proof of loss and the information before the magistrate had been given."

In Frost, Law of Guaranty Insurance (2d Ed.) § 97, page 284, it is said that where a bonding company, with knowledge of an informality in the execution of a bond by its agent, receives and retains the premium paid for the bond, it is estopped, in an action on the bond, from urging such informality as a defense. In Proctor Coal Co. v. United States Fidelity & Guaranty Co. (C. C.) 124 Fed. 424, a surety bond having the same requirements as to the signature of the employe was under consideration. It appeared in that case that the employe had never signed the bond, but there had been

two renewals, and the bonding company had received the premiums on the original bond, and also on the renewals. In holding that the company was estopped to set up this defense, the court says:

"It might be that, the bond having been sent from the defendant's office in Baltimore to the Proctor Coal Co. at Knoxville, the defendant company could accept that premium, supposing that Stanton's signature would be obtained, as has been urged by counsel; but if, as alleged in the amendment to the declaration, the defendant received premiums for the two renewals, 'with the knowledge that said bond did not have thereto the signature of said Stanton,' then the defendant cannot set up the absence of Stanton's signature to prevent a recovery upon the bond, if the plaintiff be otherwise entitled to recover."

In the case at bar, the demurrer admits that the defendant received the first premium with knowledge that the employe had not signed, and the above case is therefore in point; and see Farmers' & Merchants' Irr. Co. v. United States Fidelity & Guaranty Co., 77 Neb. 144, 108 N. W. 156. In view of the facts admitted by the demurrer, it was error to sustain it.

It is next urged by the defendant in error that no breach of the bond was pleaded, because the bond did not covenant that Glover would not steal or embezzle from his employers, but that the express condition is that it would make good to the employers, within 30 days, any loss sustained by the employers by larceny or embezzlement. The point made in this argument is that it is not alleged in the petition that Glover did not make the loss good within 30 days. The allegations of the petition are that the misconduct of Glover was between July 1, 1912, and October 14, 1912, and this petition was filed March 24, 1913. If the contention of the defendant in error was proper, the judgment in this case is erroneous, and the only question raised would be that the action was prematurely brought, and the judgment on the merits, which would create an estoppel, is improper for this cause.

Again, if it is contended by the defendant in error that Glover has paid this amount, it must be taken advantage of by the plea of payment.

It is next contended that it is nowhere alleged in the petition that Glover stole or embezzled anything. The allegation on this point is:

"That between the 1st day of July, 1912, and the 14th day of October, 1912, the said Chas. G. Glover remained and continued to act for and on behalf of the plaintiff in the capacity of bookkeeper, and in violation and in breach of a trust failed and neglected to account to this plaintiff for all sums by him received for and on account of the plaintiff, and while acting in the capacity of bookkeeper, and during said period, the said Glover defaulted and was short in his accounts in the sum of $294.38."

The petition then sets out in detail in what the defalcation consisted, part in depositing in the bank a less amount than the cashbook showed he should have deposited, and also contained the following: "Raised pay roll checks"—and set out a number of instances in which the bookkeeper had raised the pay roll checks, appropriating to himself the difference. We think this sufficiently alleges embezzlement.

We, therefore, recommend that the judgment be reversed, and the cause remanded for a new trial.

By the court: It is so ordered.

On Rehearing.

PER CURIAM. After a careful examination of the record by the court upon second petition for rehearing, we are convinced that the opinion prepared by Mr. Commissioner Devereux reaches the right conclusion, and the approval thereof by the court should not be disturbed.

The question of waiver being raised by demurrer, of course the petition must be liberally construed, and all its allegations taken as true. The rule is well settled that, on demurrer to a petition as defective, in that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed, and all its allegations for the purpose of the demurrer taken as true. And such demurrer can be sustained only where the petition presents defects so substantial and fatal as to authorize the court to say that, taking all the facts to be admitted, they furnish no cause of action whatever. If the facts stated in the petition entitled the plaintiff to any relief, a demurrer for want of sufficient facts should be overruled. Smith-Wogan Hdw. Co. v. Moon Buggy Co., 26 Okla. 161, 108 Pac. 1103; 6 Enc. Pl. & Pr. 346.

The allegations of the petition relied upon as constituting a waiver state in effect that the defendant received the premium for the bond, signed the same knowing that Glover had not signed as principal, and delivered it to plaintiff as a completed instrument without the required signature of the principal. These facts, if proven, would entitle the plaintiff to recover, and it was error

to sustain a demurrer to the petition. Goodyear Dental Vulcanite Co. v. Bacon, 148 Mass. 542, 20 N. E. 175. Of course, if it appeared upon the trial that the defendant signed the bond at the request of the plaintiff and forwarded it to him for the purpose of having it signed by the principal before delivery, and not for delivery, as alleged, this would present a different question. The latter seems to be the situation as to the facts presented in Union Central Life Ins. Co. v. U. S. Fidelity & Guaranty Co., 99 Md. 423, 58 Atl. 437, 105 Am. St. Rep. 313, Adelberg v. U. S. Fidelity & Guaranty Co., 45 Misc. Rep. 376, 90 N. Y. Supp. 465. In these cases it was held that because the plaintiff had possession of the bond and control of its employe whose fidelity was guaranteed, it could not complain that there was any hardship inflicted upon it by holding the bond to be invalid by reason of the failure of its own employe to sign it."

In the case at bar it does not appear that the plaintiff in error had possession of the bond until, as alleged, it was delivered to him by the defendant as a complete legal instrument. As "delivery" in legal phraseology means the final absolute transfer to the grantee or obligee of a complete legal instrument, sealed by the grantor, covenantor, or obligor (2 Words and Phrases, 1958), it follows that after the delivery of the bond as a complete legal instrument by the defendant and the acceptance thereof as such by the plaintiff the latter was not at liberty to alter the same by adding the signature of the principal.

For the reasons stated, the second petition for rehearing is denied.