J. ARTHUR BELISLE, administrator, *vs.* PATRICK BARRY
& another.

Worcester.    September 21, 1925. — October 16, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Broker,* Commission.

A broker, employed by the owner of real estate to obtain a purchaser, is
   not entitled to a commission upon his obtaining from a husband only
   a deposit and the execution by him of an agreement to purchase, pur-
   porting to be made by both him and his wife and providing that the
   conveyance should be made to the wife and that a first mortgage should
   be assumed by the purchasers, who also would give a second mortgage
   to the owner, where the wife refused to be bound by the agreement and
   the deposit was returned to the husband.

CONTRACT, originally brought by J. N. LeVasseur Belisle,
for a commission alleged to be due to the plaintiff for pro-

curing a purchaser of real estate of the defendants. Writ in the Central District Court of Worcester dated April 22, 1921.

On appeal to the Superior Court, a suggestion of the death of the original plaintiff was filed and the administrator of his estate was admitted as plaintiff.

The action was heard in the Superior Court by *Broadhurst,* J., without a jury, upon an agreed statement of facts. Material facts found are described in the opinion. The judge found for the plaintiff in the sum of $290.16. The defendants alleged exceptions.

The case was submitted on briefs.

*R. B. Dodge, A. T. Saunders, & G. A. Humphrey,* for the defendants.

*E. A. Brodeur,* for the plaintiff.

PIERCE, J. This is an action to recover a real estate broker's commission. The case was heard in the Superior Court before a judge without a jury, upon an agreed statement of facts, in substance as follows.

The defendants employed the plaintiff's intestate to negotiate the sale of certain property on Orient Street in the city of Worcester, and agreed to pay him a commission if he should obtain a purchaser. Through the efforts of the intestate, the defendants, the intestate, one Simon George and one Adbo Beyrouthy on a Saturday night met at the house of the defendants and there agreed upon the terms of sale and purchase of the property listed with the intestate; and thereupon the defendants and Adbo Beyrouthy signed an instrument, drafted by the intestate, a copy of which is set out in the record. Immediately after the signing of the instrument, Simon George, at the request of Adbo Beyrouthy, gave the defendants a check for $200 as a deposit in part payment of the purchase price of the real estate to be sold. The intestate retained one copy of the agreement and the defendants the other copy. The same evening the parties who signed the instrument agreed to meet at an attorney's office on the following Monday morning and put through the sale. Before the parties had met Frida Beyrouthy, wife of Adbo Beyrouthy, refused to carry out or

go further with the transaction.  On the said Monday, in consequence of the attitude of Frida Beyrouthy, Simon George saw the defendants and demanded and received of them the check for $200.

The provisions of the signed agreement which are material to the claim of the intestate read as follows:

"AGREEMENT made this sixteenth day of April, A. D. 1921 between Mr. Patrick Barry and Mrs. Minnie Barry his wife of the first part, and Adbo Beyrouthy and Frida Beyrouthy his wife deed to be made in his wife's name only of the second part.

"The party of the first part hereby agrees to sell and the party of the second part to purchase a certain estate situated 44 Orient Street, Worcester, Mass., and bounded and described as follows; as per description of their deed they hold now on it.

"Said premises are to be conveyed on or before twentyth April 1921 by a good and sufficient warrantee deed of the party of the first part, conveying a good and clear title to the same, free from all incumbrances and furnish a certificate of title and for such deed and conveyance the party of the second part is to pay the sum of Twelve thousand dollars of which Two Hundred dollars have been paid this day, Three Thousand and Eight Hundred dollars are to be paid in cash upon the delivery of said deed, and the remainder is to be paid by the note of the party of the second part, dated same date of deed bearing interest at seven per cent per annum, payable semi-annually, and secured by a power of sale mortgage, in the usual form, upon the said premises, such note to be payable One Hundred and fifty Dollars every six months untill fully paid;  The Party of the second part is to assume a Bank mortgage now on this property and if he can encrease the Bank mortgage;  the increase is to be paid on the 2nd mortgage to the party of 1st part when the deed is passed."

The provision that the deed is to be taken in the name of Frida Beyrouthy, the provision that a power of sale mortgage in the usual form upon the premises shall be given to secure the payment of the described note of even date with the deed,

obviously necessitated the assent of Frida and her execution of the deed if not the note.   The unescapable fact that the agreement could not be carried out without the active assent of Frida clearly indicates that all parties to the signed agreement contemplated that Frida Beyrouthy should sign it as a party of the second part or otherwise formally assent to its terms and to her obligation thereunder before it should be binding upon any party to it.   It follows that the plaintiff has failed to prove that his intestate produced a customer able and willing to purchase the property upon the defendant's terms.   *Woods* v. *Matthews,* 224 Mass. 577, 583. *Bemister* v. *Hedtler,* 249 Mass. 40.

*Exceptions sustained.*