MATTEO RINALDI & another *vs.* LUDRIUS RODZIK.

Worcester.   September 28, 1926. — October 14, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Contract*, What constitutes.

An action of contract cannot be maintained against one who alone signed an agreement in writing for the purchase of land where the agreement names the defendant and another as party "of the second part" and provides, among other things to be done by them, for the giving as part of the purchase price of a "note of the party of the second part . . . secured by a power of sale mortgage, in the usual form, upon the said premises," and that the "party of the second part hereby agrees

forthwith upon the delivery of said deed to take all reasonable steps necessary for the procuring of an increase of the mortgage on said premises." Following *Belisle* v. *Barry,* 253 Mass. 475.

CONTRACT upon a contract in writing for the purchase of land. Writ dated June 14, 1923.

In the Superior Court, the action was tried before *O'Connell,* J. Material evidence is stated in the opinion. At the close of the evidence, the judge, on motion by the defendant, ordered a verdict in his favor. The plaintiffs alleged exceptions.

*N. Fusaro,* for the plaintiffs.

*F. M. Jablonski & J. J. Siarkiewicz,* for the defendant, submitted a brief.

RUGG, C.J. This is an action of contract to recover damages for breach of a written agreement. The agreement as written described the plaintiffs as party of the first part and "Kristina and Ludrius Rodzik . . . of the second part." Among its terms "the party of the second part" agreed "to purchase a certain estate situated at the Shrewsbury" and to pay therefor certain sums in cash, take the estate subject to a specified mortgage and "the remainder . . . to be paid by the note of the party of the second part . . . secured by a power of sale mortgage, in the usual form, upon the said premises, such note to be payable in the sum of two hundred dollars every year, with power in the party of the second part to anticipate" payments. "The party of the second part hereby agrees forthwith upon the delivery of said deed to take all reasonable steps necessary for the procuring of an increase of the mortgage on said premises." The direction of the verdict for the defendant was right.

The case at bar is governed in every particular by *Belisle* v. *Barry,* 253 Mass. 475. The circumstance that there the deed was to be taken in the sole name of the one who did not sign the agreement, while here it was to be taken jointly by her and the one who signed does not distinguish the cases. The case at bar is distinguishable from cases like *Goodyear Dental Vulcanite Co.* v. *Bacon,* 148 Mass. 542; *S. C.* 151 Mass. 460.

*Exceptions overruled.*