WILLIAM D. CAHILL *vs.* MARY MELLE.

Suffolk.    November 16, 1927. — February 28, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Broker*, Commission.

Evidence that the owner of certain real estate placed it with a broker for sale on certain terms, and that the owner finally sold the premises to one of the same surname as one with whom the broker had talked on the telephone and from whom he had procured an offer which he had submitted to the owner and the owner had refused, and which was less in amount than the offer which the owner had accepted, will not warrant a finding that the owner owes the broker a commission.

CONTRACT. Writ dated May 15, 1923.

In the Superior Court, the action was tried before *Hammond*, J. The jury found for the plaintiff. The trial judge,

upon the receipt but before the recording of the verdict, reserved leave under G. L. c. 231, § 120, to enter a verdict for the defendant. Thereafter, a motion by the defendant to enter a verdict in his favor under leave reserved was allowed by the trial judge, and the plaintiff alleged exceptions. Material evidence is set forth in the opinion.

*H. W. Cole*, for the plaintiff.

No argument nor brief for the defendant.

CROSBY, J. This is an action to recover a broker's commission for the sale of real estate.

The plaintiff testified that he was a real estate broker; that some time in March, 1923, he had several conversations with the defendant's husband in her presence concerning the property in question; that the husband gave it to him to sell, stating the price he wanted, the amounts of mortgages and the rentals; that he advertised in the Sunday Globe of March 25, April 1 and 8, 1923, and as a result received many calls respecting the property and showed it to several persons; that he reported an offer of $17,500 to Melle, who told him that he could not consider it; that on April 2, 1923, during his absence, a telephone call was received at his office from a person who left his name and telephone number and the request that the plaintiff call the number given upon his return; that upon his return he "called Mr. Cody, the party named at the designated number and had some conversation with him"; that later he told Melle that James F. Cody from the Kimball Building, whose telephone number was 4940, wanted to know about the property, that he (the plaintiff) gave him the details and Cody offered $17,500, and that Melle said he would not consider it; that on the next day he had another telephone conversation with Cody who raised his offer to $18,000, and Melle said he would not consider it; that he again telephoned Cody at his home, and went three times in one week to the Kimball Building to see him but was unable to find him; that on Saturday of the same week he endeavored to reach him by telephone but without success; that he again called Cody's house and had some conversation with him; that his last conversation with him was on April 12, 1923.

He further testified that on April 16, he was told by Melle that the latter had a telephone call from a man named Cody, who inquired about the property, and said he would be down to see him the next night; that Melle asked the plaintiff if he supposed it was the same Cody, and the plaintiff replied that James F. Cody was the one he had talked with, that he did not like the way Cody was acting, and that he had not seen Cody; that on April 17, Melle told him that Cody and another man had offered $18,000 for the property and he refused it; that Melle said he asked Cody if he was the James F. Cody whom the plaintiff had told him about and Cody said he was not, that he never had talked with the plaintiff and never had heard of him, but that he had a brother who might have talked with the plaintiff; that he (the plaintiff) told Melle that it was the same James F. Cody he had talked with; that on April 20, 1923, Melle told him he had sold the property to one Lillian Williams, who lived in the neighborhood; that Melle told him he received $23,000 for the property; that the agreement between Melle and Williams showed that $20,000 was paid.

The plaintiff testified on cross-examination that the agreement for sale to Lillian Williams was dated April 17, 1923; that he had never seen Cody before that date or received any written communication from him; that he had never seen Cody; that he never had attempted to see him or talk with him since the sale.

James F. Cody, a witness called by the plaintiff, testified that he was in the real estate business; that he and his partner, one Rogers, purchased the property in question taking title in the name of Lillian Williams; that he learned that the property was for sale from a tenant who occupied one of the stores. He further testified that he never had any conversation by telephone or otherwise with the plaintiff concerning the purchase of the property, and never saw him, but that he had a brother in the real estate business; that he never saw any advertisement of the property in the newspaper and that he never had an office in the Kimball Building. There was other testimony in the case which need not be referred to in detail, but, considering the entire.

evidence in the light most favorable to the plaintiff, it is plain that there is nothing to show that he ever produced a purchaser who was ready, willing and able to buy the property on any terms upon which the defendant was willing to sell. *Rich* v. *Behrn,* 248 Mass. 450. *Bemister* v. *Hedtler,* 249 Mass. 40. *Nichols* v. *Atherton,* 250 Mass. 215. *Hall* v. *Kotowski,* 251 Mass. 494. *Belisle* v. *Barry,* 253 Mass. 475. *Field* v. *Hamm,* 254 Mass. 268.

The evidence is too vague, uncertain and indefinite to warrant a finding that James F. Cody, who never had been seen by the plaintiff, was the same person with whom the plaintiff talked over the telephone, as testified to by him. It follows that the trial judge rightly ordered a verdict for the defendant.

*Exceptions overruled.*