Rollins, J.
This is an action of contract or tort, brought by an owner of real estate, hereinafter called the owner, against a real estate broker, hereinafter called the broker, to recover $300.00 which had been deposited with the broker in the course of an attempted sale of real estate which was never completed.
The broker filed a general denial of the owner’s claim and also a declaration in set-off in which he demanded a commission of $423.00 for securing a purchaser of the owner’s real estate.
The following is a summary of the relevant evidence: On April 10,1947 the owner asked the broker what commission he would charge on sale of his real estate in East Walpole, Massachusetts for $10,000.00. The broker replied *140 •the commission would be 4%%. The owner then stated he would pay the commission “if he sell the house and the deed is signed — I get my money first then I pay him.” The broker showed the real estate to Angelo Puopolo and his wife Carmela who offered to pay $9500.00 which offer the owner verbally agreed to accept. Thereupon the broker drafted a written agreement of purchase and sale in which .the owner was party of the first part and “Angelo Puopolo and Carmela Puopolo, husband and wife, as tenants in common, were ‘Party of the second part.’ ” This agreement contained, among others, the following provisions: (1) If the party of the second part is unable to obtain a mortgage of $8500 the party .of the second part will take a second mortgage for the balance. (2) Possession of the premises, with the tenants therein is to be delivered to the party of the second part at the time of the delivery of the deed.
This written agreement was signed on July 15, 1947 by the owner and by Angelo Puopolo. It was not signed by Carmela Puopolo. On the day prior to the signing of the agreement the broker obtained a deposit of $300.00 from Angelo Puopolo and offered it to the owner who told him to keep it and that “it would be taken into account when the final money was paid. ’ ’
The broker applied to a bank for a mortgage of $8500.00 and the bank stated it would grant a mortgage of $6800.00.
After the • signing of the agreement the owner verbally agreéd to reduce the purchase price to $9400.00 because of the supposed expense of evicting a tenant. Later Angelo Puopolo found that it was possible that the expense of evicting the tenants might be $500.00 and refused to buy the property.
The broker filed ten requests for rulings of law, all relating to the declaration in set-off. Some of these were *141 allowed, some denied. The owner filed no requests for rulings.
The trial judge ruled that since the wife did not sign the agreement the same was never fully executed and never became binding on any party and he also decided that the broker was not entitled to the commission claimed in the declaration set-off. He also ruled:
‘ ‘ The fact that the broker received the money as agent for the owner plaintiff, and has no right to retain it. fortified by the equities of the case, the owner having held the property from April to August at the disposal of the broker and the buyer, in my opinion, entitles the owner to the deposit.”
On May 6, 1948, the judge found for the owner, as plaintiff in the original action, for $300.00 and found for the owner as defendant in set-off.
On May 11, 1948 the plaintiff in set-off, the broker, filed his request for a Report to the Appellate Division, on May 14, 1948 mailed a copy of his draft Report to the attorneys for the defendant in set-off, (the owner), to the Court and to the trial justice who heard the case. The copy of the draft Report was received by the attorneys for the defendant in set-off on May 14,1948 but was not received and filed in the Court, and not received by the trial justice, until May 15, 1948. On May 20, 1948 the defendant in set-off filed a motion to dismiss the above draft Report on the ground that the plaintiff in set-off had failed to mail a copy of his draft Report to the defendant in set-off or his attorneys after the original draft Report had been filed in Court. The trial judge denied this motion.
The defendant in set-off duly filed his draft Report in the matter of the denial of this motion.
The motion to dismiss should have been granted. Rule 28 of Rules of the District Courts provides in part as follows:
*142 ‘.‘The party requesting a Eeport shall file a draft thereof within ten days after notice of the finding or decision — a copy of such draft Eeport shall be delivered or mailed post paid by the party requesting ' the Eeport, to the trial justice and to the adverse party, before the close of the next business day after such filing.”
The provisions of this rule for delivery and mailing are mandatory. The plaintiff in set-off did not comply with them. Gallagher v. Atkins, 305 Mass. 261; Wind Innersole and Counter Co. v. Geilich, 317 Mass. 327.
There is accordingly no draft Eeport properly before us. But there is a substantial and prejudicial error apparent upon this record. It was for the purpose of disclosing this that the summary of the evidence was given.
This Appellate Division has the inherent right, even in the absence of a Report, to correct such an error, particularly to prevent a miscarriage of justice. Lyon v. Prouty, 154 Mass. 488, 490; Slater, et al. v. Rawson, 1 Met. 450, 458; Noyes v. Noyes, 224 Mass. 125, 134; Bond v. Bond, 7 Allen 1, 6; Kaplan v. Bell, et al., Mass. Appellate Div. Reports, Vol. 1-508, 511-512. (This is a decision of Chief Justice Bolster of the Municipal Court of the City of Boston filed October 26, 1936.)
The error is this: The trial justice decided that no legal and binding written agreement had ever been made by the parties because the wife, Carmela Puopolo, one of the parties to the agreement, had not signed it. This was correct. Rinaldi, et al. v. Rodzik, 257 Mass. 238; Belisle v. Barry, 253 Mass. 475.
But then the trial judge proceeded to enter a finding for the plaintiff for $300.00. This was clearly wrong. If no legally binding written agreement of purchase and sale had been executed then the plaintiff (owner) had no rights *143 against the prospective buyer Puopolo or against the defendant (broker) for the deposit placed in his hands by Puopolo. G. L. c. 259, §1 “Fourth” (Statute of Frauds).
But Puopolo on these facts has a right to recover back his $300.00 deposit.
The finding for the plaintiff for $300.00 is vacated and a finding for the defendant is to be entered. The finding for the defendant in set-off is to stand.