**ST. LOUIS-S. F. RY. CO. v. HUTCHISON, Adm'r.**

No. 16375—Opinion Filed April 13, 1926.

**1. Death—Death from Negligence—Right of Administrator to Sue.**

In case of death from actionable negligence the administrator of an intestate is authorized to sue and recover in behalf of the estate all damages accruing to the date of death, and for which the decedent would have had a right to sue had he survived. Such recovery, when had, becomes an asset of the estate.

**2. Same—Recovery for Loss of Earning Capacity not Allowed.**

But there is no legal authority in an administrator, nor right of action in·the estate, to recover for loss of earning capacity resulting from death.

**3. Same — Recovery by Next of Kin — Measure of Damages.**

The law recognizes but one right of action and one measure of damages resulting from death through negligence. The right of action is that for the benefit of the widow and children, if any, or next of kin (Comp. Stat. 1921, sec. 824), and the measure of damages is the pecuniary loss suffered through destruction of the life expectancy.

**4. Same—Insufficiency of Petition by Administrator.**

Therefore a petition filed by an administrator alleging a cause of action in behalf of the estate for destruction of earning capacity of deceased, and which does not allege the existence of a widow and children, or next of kin, nor purport to seek a recovery in their behalf for pecuniary loss suffered by them, does not state facts sufficient to constitute a cause of action and is subject to demurrer for that reason.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, LeFlore County; E. F. Lester, Judge.

Action by E. S. Hutchison, administrator, against the St. Louis-San Francisco Railway Company, to recover damages to the estate of S. H. Hutchison, deceased, by reason of said estate being deprived of decedent's capacity to earn money. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

This action was commenced November 2, 1923, by plaintiff filing his petition in the district court of LeFlore county against the defendant, wherein it was alleged in substance that defendant's line of railroad extends in a general north and south direction, through the incorporated town of Cameron, and that on June 16, 1923, said defendant, its officers, agents and servants, recklessly, carelessly, and negligently placed and left standing upon a switch track in the company's yards at Cameron several freight or box cars at a distance of approximately 75 yards north of a highway crossing on defendant's railroad track, which said freight cars obstructed the view of plaintiff's intestate as he approached said highway crossing, so that he was unable to see an approaching train, and that while in the exercise of reasonable care and caution on his part, said decedent was struck by one of defendant's trains at and upon said highway crossing; that said train was commonly called No. 5, and was going in a southerly direction at a high, rapid, and dangerous rate of speed, and that when said train struck the wagon in which plaintiff's intestate was driving, said intestate was thrown violently against the ground, inflicting bodily injuries which directly and proximately resulted in his death about one hour later. The acts of negligence on the part of defendant, relied on for a recovery, are detailed fully and at length in the averments of plaintiff's petition.

To plaintiff's petition defendant filed its demurrer, which was overruled, and answered by general denial, and by the affirmative allegations that if plaintiff's intestate was injured at the time and place alleged, it was due to his own negligence and carelessness and not to any negligence and carelessness on the part of defendant. It further alleged contributory negligence on the part of plaintiff's intestate.

Trial was had before the court and jury September 18, 1924, resulting in a verdict in favor of the plaintiff in the sum of $2,000. After unsuccessful motion for new trial, defendant has brought the case here by petition in error with case-made attached for review.

E. T. Miller, Stuart, Sharp & Cruce, and Ben Franklin, for plaintiff in error.

D. A. Shaw and White & Reid, for defendant in error.

Opinion by LOGSDON, C. As its first proposition for reversal defendant states:

"Neither the common law nor the statutes of the state of Oklahoma authorize the character of action attempted to be brought by plaintiff in this case."

Under this proposition it is contended that the trial court erred in overruling defendant's demurrer to plaintiff's petition, that it erred in overruling defendant's objection to the introduction of any evidence, that it erred in overruling defendant's demurrer to plaintiff's evidence and that it erred in overruling defendant's motion for judgment at the close of all the evidence.

There is no disagreement between plaintiff and defendant as to the section of the statute under which it was intended to bring this action. The statutory provisions relied on by both parties are those contained in Comp. Stat. 1921 sec. 824 which reads:

"When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the widow and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

Those allegations of plaintiff's petition material to be considered in connection with the above statutory provisions are as follows:

"That said deceased was thrown from the wagon upon said crossing in the manner as aforesaid and was bruised, lacerated, torn, and mangled, and the bones of his body were broken and crushed, from the effects of which said deceased afterwards on the same day died.

"That deceased was —— years of age at the time of his death, and that he was healthy, sober, industrious and economical, a farmer and stockman by trade, and was earning annually approximately $1,200, and that because of his death aforesaid, he, the said plaintiff's intestate, was deprived of his capacity to earn money, and his said estate was damaged in the sum of $3,000."

This is the only language anywhere in the petition presenting plaintiff's theory of his right of recovery. It is nowhere disclosed in the petition that deceased left surviving a widow, or children, or next of kin, who suffered damage by reason of his death. Absence of these specific averments becomes material here by reason of the nature of the recovery sought. The recovery sought is the value of decedent's "capacity to earn money," by which "his said estate was damaged". No recovery is sought in behalf of the widow or children, by reason of being deprived of his rightful support during a reasonable expectancy, nor in behalf of the administrator, by reason of damages suffered by decedent during his lifetime and recoverable to his estate for distribution to the widow and children or next of kin, as personal property of the deceased.

In the case of St. Louis & S. F. R. Co. v. Goode, Adm'x, 42 Okla. 784, 142 Pac. 1185, this court had under consideration the question whether a recovery by the widow as administratrix for the benefit of herself and next of kin under section 824, supra (Rev. L. 1910, sec. 5281), was a bar to her further prosecution, as administratrix, of an action for personal injury and damage to his estate, commenced by her husband in his lifetime and which survived his death by virtue of the provisions of sections 822, 823, Id. (Rev. L. 1910, secs. 5279, 5280), both causes of action being based upon the same negligent acts. After discussing the elements of the two causes of action, and comparing the statutes involved, with the aid of many authorities, this court said, at page 791:

"This leads us to believe that the two causes of action, in cases such as this, are coexistent; that a recovery on the one does not bar a recovery on the other; that the damages to the estate begin with the wrong and cease with the death; that the widow's damages begin with the death; that they do not cover the same field, nor do they over-

lap. We think, after a somewhat extended study of the cases, arising under a similar condition of the statute law, that the holding here made is supported not only by reason, but by the weight of authority."

In Smith et al v. Chicago, R. I. & P. Ry. Co., 42 Okla. 577, 142 Pac. 398, this court had under consideration the question whether in an action under section 824, supra, prosecuted by the widow for herself and as next friend for the minor children of deceased, she could join a cause of action and recover for the personal injury, mental anguish, and suffering of deceased, resulting from the negligent acts which caused his death. The conclusion reached is announced in paragraph 6 of the syllabus, thus:

"Under section 5281, Rev. Laws 1910, damages recovered must inure to the exclusive benefit of the widow and children, but such widow and children, suing in such capacity for the pecuniary loss sustained by them in the death of the husband and father, cannot recover for mental anguish and suffering, because whatever may be recovered for mental anguish and suffering belongs to the estate of deceased and not exclusively to the widow and children, and should be recovered by a separate action."

It is well settled in this state that the measure of damages for wrongful death in an action under section 824, supra, is the pecuniary loss sustained by the widow and children, or if there be neither widow nor children, then by the next of kin. Muskogee Electric Traction Co. v. Hairel, 46 Okla. 409, 148 Pac. 1005; Big Jack Mining Co. v. Parkinson, 41 Okla. 125, 137 Pac. 678; Blunt v. Chicago, R. I. & P. Ry. Co. et al., 70 Okla. 149, 173 Pac. 656.

From a consideration of all these authorities and the principles therein announced it must be deduced: (1) That an action brought by an administrator for the benefit of the estate of his decedent is confined in the right of recovery to those damages accruing antecedent to the death, and for which the injured party could have maintained an action had he survived. (2) That no action can be maintained by such administrator for the benefit of the estate for pecuniary loss accruing subsequent to death based on cessation of earning and accumulative capacity. (3) That in an action by administrator for wrongful death, the right of recovery is not for the benefit of the estate, but for the benefit of the widow and children, if any, or next of kin. (4) That the measure of damages in such action is not loss of earning capacity of deceased, but the pecuniary loss suffered by those shown

in the pleadings and evidence to be entitled, as beneficiaries under the statute.

It seems clearly evident that the pecuniary loss, which would be suffered by a widow and small minor children from the loss of the husband and father, would justify a much more substantial recovery than would the pecuniary loss of adult brothers and sisters of deceased, there being no widow and children. To this extent, at least, it would seem that allegations of the existence of statutory beneficiaries and their relation to deceased are necessary averments in an action for death, under section 824, supra, in order to admit material, relevant, and competent testimony as to the pecuniary loss sustained under the well established rule as to the measure of damages.

As to the absence of these essential averments in the petition in the instant case, plaintiff seeks to obviate this in his brief by the following language, beginning on page 6:

"As a matter of course, if the suit be filed by virtue of the provisions of section 825, the petition must allege the existence of all the conditions named in the statute. While, on the other hand, if the action be instituted by an administrator it is necessary for the petition to state only such allegations as will bring the case within the provisions of section 824, all of which was done in this case. The general rule of pleading in this state is that the petition must be liberally construed, and all facts pleaded taken as true upon demurrer, and where a pleading states facts upon which the pleader is entitled to any relief, under the law, a general demurrer to the same should be overruled."

The rule is not, as stated, that all facts **pleaded** must be taken as true on demurrer, but rather that all facts **well** pleaded are taken as true on demurrer. Pleadings attacked by demurrer should be liberally construed in favor of the pleader, where material allegations are merely defectively stated and not wholly omitted. Smith-Wogan Hdw. Co. v. Moon Buggy Co., 26 Okla. 161, 108 Pac. 1103; Oklahoma Sash & Door Co. v. American Bonding Co., 67 Okla. 244, 153 Pac. 1151; Jackson et al. v. Moore et al., 79 Okla. 59, 191 Pac. 590; Ross v. Breene, 88 Okla. 37, 211 Pac. 417. This instant case does not present the question of material averments defectively stated in a petition, but the petition shows an entire omission to allege those facts which are necessary as a predicate for the introduction of evidence of pecuniary loss, under the rule as to the measure of damages in this character of action. There is no measure of damages and no method of proof for loss to the estate by

cessation of earning power resulting from death. The damage in this respect is such only as results to the statutory beneficiaries by their being deprived of his life expectancy, which is considered in law a pecuniary loss to them. Certainly, this pecuniary loss must vary, and the liability also, in correspondence to the degree of dependence of the statutory beneficiaries in whose behalf the action is prosecuted. The statement is made in plaintiff's brief that upon the death of any person a natural and legal presumption exists that next of kin survive him. Granted. But the terms of the statute, as construed by this court, exclude all other next of kin if a widow and children survive. No presumption exists that a widow and children do survive, so their existence is a matter of averment in order to admit proof of the fact, and also as a basis for proof of the loss sustained.

` Because an action by an administrator for the benefit of the estate, based on cessation of earning power of deceased, does not state a cause of action recognized by law, and because the petition in the instant case did not state facts sufficient to constitute a cause of action for, or to form a basis for the admission of proof of, pecuniary loss suffered by the widow and children of deceased, it is concluded that the trial court erred in overruling defendant's demurrer to plaintiff's petition.

Other errors complained of relate to certain instructions given by the court, and to the alleged excessiveness of the verdict. As this case, if tried again, will present different issues than those raised by the original petition, it is not deemed necessary to pass upon these other matters at this time.

For the error above pointed out, the judgment of the trial court is reversed, and the cause remanded, with directions to the trial court to vacate the order overruling the demurrer to plaintiff's petition, and to further proceed in conformity with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (1) 17 C. J. p. 1210 § 58; p. 1325 § 196. (2) 17 C. J. p. 1325 § 196. (3) 17 C. J. p. 1326 § 198. (4) 17 C. J. p. 1285 § 140; p. 1294 § 150. See under (1, 2) anno. 7 A. L. R. 1314: 26 A. L. R. 593; 8 R. C. L. p. 841; 2 R. C. L. Supp. 663: 5 R. C. L. Supp. p. 486. (3) anno. 11 L. R. A. (N. S.) 623; 8 R. C. L. p. 840.