COTTON CLUB et al. v. OKLAHOMA TAX COMMISSION.

No. 31801. May 8, 1945.

*158 P. 2d 707.*

Hal Welch, of Hugo, for plaintiffs in error.

E. L. Mitchell and W. D. Hereford, both of Oklahoma City, for defendant in error.

BAYLESS,. J. This appeal from an order of the Oklahoma Tax Commission involves the correctness of said order denying the application of the Cotton Club for a retailer's beer permit under the provisions of H. B. 198, S. L. 1943, 37 O. S. 1941. §§ 211-218. The Cotton Club, deeming itself within the exceptions in section 6 of said act, section 216, supra, applied for a retailer's beer permit, and upon hearing on said application the parties stipulated to certain facts. On this stipulation of facts the Oklahoma Tax Commission ruled as a matter of fact and law that the application should be denied. This appeal followed. Section 6 reads in part: "The limitation on the sale of beverages, and issuance of licenses therefor, contained in section 1, 2, and 5 of this act, should not be applicable to . . . private dances conducted for recreational purposes and not for profit by bona fide lodges, posts, clubs, fraternal, benevolent, or charitable organizations: . . ."

It was agreed that the Cotton Club is an organization created by Erne and Atoka Cotton, husband and wife, by written charter in which the membership is limited to 300, for which an initial fee and a monthly fee is charged, and that members of the club only may avail themselves of the privileges provided therein. The Cottons urge that it is what is described in 14 C. J. S. § 1, P. 1280 as an unincorporated proprietary club, which ". . . is one whose property and funds belong to a proprietor who usually conducts it with a view to profit; the members, in consideration of the payment by them to the proprietor of entrance fees and subscriptions, are entitled to make such use of the premises and property . . . " as the charter or contract justifies; and the Tax Commission does not dissent to this. The parties stipulated, among

other things, to the following, which are urged by both as being of primary significance.

"It is further stipulated by the applicant that 3.2% non-intoxicating beverage will be sold to the members of the Cotton Club and that dancing will be permitted by said applicants in the ballroom of said Cotton Club, and that all profit derived from the operation of said Cotton Club shall be owned and possessed by Erne and Atoka Cotton.

"It is further stipulated by said applicants that said Cotton Club cannot be operated unless 3.2% non-intoxicating beverage is sold and dancing is permitted in said club and that said club cannot operate without both the beverage and the dancing."

We are of the opinion that the language of section 6 quoted above does not apply to the applicant in this case. We think it is a reasonable construction of the language quoted to mean that the organization specified therein may as a part of their recreational activities conduct private dances at which beer may be sold, when the primary purpose of conducting dances is, as the statute says, "for recreational purposes and not for profit." Our discussion of what amounts to a profit found in Re Farmers Union Hospital Association of Elk City, 190 Okla. 661, 126 P. (2d) 244, might well be applicable here. In this case the parties candidly stipulated that unless 3.2% nonintoxicating beverage could be sold its members at dances, the club could not operate, which is tantamount to saying that it was necessary to have this money to enable the club to operate and that in all likelihood a profit might be derived therefrom. The parties very candidly stipulated that if a profit was derived it did not belong to the club, but inured to the benefit of Erne and Atoka Cotton, which, as we pointed out in the case just cited, is a private profit or advantage, and as such is one of the things the Legislature was seeking to eliminate when it prescribed the exceptions in section 6.

The Legislature used extreme care in the language which it used in prescribing the exceptions to the law thus enacted, and we feel that it would thwart the purposes expressed and implied therein to be lax in the construction or application of that language or to construe or apply it in a manner obviously differing from that which the Legislature intended by the use of the language employed.

We hold that the order of the Oklahoma Tax Commission denying the application should be sustained on appeal.

The appellants raise certain constitutional objections to the validity of said H. B. 198, particularly asserting that the same violates article II, section 32, Constitution of Oklahoma, in that it tends to create monopolies; and that it violates the Fourteenth Amendment to the Federal Constitution in that by the enactment of this law, the state denies equal protection of the law to its citizens. In this connection the court has permitted the filing of a brief amicus curiae upon constitutional issues thus raised and the brief filed amicus curiae discusses at length and on broad general terms under four different headings the two constitutional objections just mentioned.

Amicus curiae calls our attention to the fact that the same broad general constitutional objections had been raised in briefs filed in Ex parte Strauch, (Okla. Cr.) 157 P. 2d 201.

The Criminal Court of Appeals of Oklahoma has answered these constitutional questions in denying them any basis for the issuance of a writ of habeas corpus, and the basis for the answer given is, in our opinion, sound. It is true that the issue whereon the constitutional argument is made in that case arose from the application of the criminal provisions of said act, whereas the issue here arises on the

civil aspect of the matter in the denial of the issuance of the application in the first instance. This is not of material significance in the application of the law. The rule, as promulgated by this court in Ex parte Anderson, 32 Okla. 216, 124 P. 980, and adhered to and followed in later decisions, is that where the same rule applies for the determination of the constitutionality of a statute in its criminal aspect as in its civil aspect, the settled policy of this court is to follow the construction given such statute by the Criminal Court of Appeals; and especially is this true where we are convinced of the soundness of the opinion of the Criminal Court of Appeals.

Therefore, based upon the decision of the Criminal Court of Appeals, in Ex parte Strauch, supra, we overrule the constitutional objections to the act in question.

The order appealed from is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.