GOCHENOUR v. ST. LOUIS-SAN FRANCISCO RY. CO.

No. 34457.   Jan. 8, 1952.

*239 P. 2d 769.*

Howard K. Berry, Oklahoma City, for plaintiff in error.

Rainey, Flynn, Green & Anderson, Oklahoma City, for defendant in error.

O'NEAL, J. This action was filed in the court below on September 30, 1948. Plaintiff attempted to state three separate causes of action.

The first cause of action is based on alleged wrongful death of A. S. J. Hill, the plaintiff's decedent.

The second cause of action is based on conscious pain and suffering from date of the injury to the date of death of plaintiff's decedent.

The third cause of action is based on expenses incurred for medical services rendered which resulted from the injuries complained of, as well as expenses incurred for the last illness and burial of plaintiff's decedent.

The petition sets forth the following facts upon which plaintiff relies for relief: A. S. J. Hill was engaged as a sleeping car porter by the Pullman Company; that the defendant, St. Louis-San Francisco Railway Company, operated a train between Oklahoma City and Chicago, and that on the 7th day of February, 1947, the defendant's train was derailed due to a defective roadbed, causing A. S. J. Hill to be violently thrown about in the Pullman car resulting in physical injuries which caused his death. The injuries having occurred in the State of Missouri, the plaintiff, in amplification of his petition, alleged that the Supreme Court of that state, in a certain case entitled Jones v. the St. Louis & Southwestern Railroad Co., 125 Mo. 666, held that the rights of a Pullman porter and the duties of the railroad company toward him do not materially differ from those of a passenger, railroad mail clerk, express messenger and drover in charge of livestock; that said decision has not been overruled, or modified, and is now the law of the State of Missouri, and is in full force and effect.

The answer of the defendant specifically denies that the administrator of the estate of A. S. J. Hill, deceased, can maintain the present action, and that, therefore, the court is without jurisdiction of the subject matter of the action; that under Missouri law an action for wrongful death can be brought by the administrator only if the deceased left no wife or child, and that the deceased here left both a wife and child who were living when the administrator brought the present suit. Defendant further pleads the pertinent provisions of the Missouri statute governing wrongful death under which only the widow and the minor child of deceased may maintain the present action.

In a pretrial stipulation, the parties stipulated as follows:

(a) That A. S. J. Hill, plaintiff's deceased, died on April 28, 1948;

(b) That John Gochenour of Kansas City, Missouri, was, on the 14th day of September, 1948, appointed administrator of the estate of A. S. J. Hill, deceased;

(c) That the deceased, A. S. J. Hill, was survived by Lucy Cordelia Hill,

his wife, and by Juanelda Hill, his minor daughter, who are the alleged beneficiaries under the present action;

(d) That on the 7th day of February, 1947, A. S. J. Hill was an employee of the Pullman Company and was in a Pullman coach attached to defendant's train at the time of its derailment which occurred near the town of Republic, in the State of Missouri; that said Hill was not a fare-paying passenger on the train but was in the Pullman car as an employee of the Pullman Company.

Upon the pleadings so cast, and under the stipulation noted, the defendant, St. Louis-San Francisco Railway Company, filed its motion for judgment on the pleadings.

The motion was sustained and, after motion for new trial was denied, plaintiff appealed, alleging that the judgment is contrary to law.

Plaintiff properly assumes that under 12 O.S.A. §1053, there is created a new cause of action for wrongful death separate and distinct from the cause of action accruing to the injured person during his lifetime for injuries to his person, and that the latter cause of action, by virtue of 12 O.S.A. §1051, survives the death of the injured person and may also be maintained by his personal representatives. The damages to the injured person's estate begin with the wrong and cease with his death. The damage to the surviving widow and child begin with and flow from the death of the injured person. St. Louis-San Francisco Railway Co. v. Goode, 42 Okla. 784, 142 P. 1185; City of Shawnee v. Cheek, 41 Okla. 227, 137 P. 724; Baltimore American Insurance Co. of New York v. Cannon, 181 Okla. 244, 73 P. 2d 167; Stokes v. Collum Commerce Co., 120 Okla. 133, 252 P. 390, and St. Louis-San Francisco Railway Co. v. Hutchison, 117 Okla. 190, 245 P. 891.

Plaintiff asserts that the present case poses a question of conflict of laws, and that where there is a conflict in the law between the state where the wrong was inflicted and the law of the state where the action is brought to redress the wrong, the laws of the forum apply. As we view the record before us, it does not present a justiciable issue on conflict of law. The cause of action as cast in plaintiff's pleadings, and as more fully disclosed in the stipulation entered into for the purpose of a pretrial hearing, pleads a cause of action for alleged wrongful death.

No such cause of action existed at common law, and it is only by virtue of the statutory law of Missouri that plaintiff's cause of action is established. Plaintiff's petition specifically pleaded pertinent provisions of the Missouri law as established by its highest appellate courts. Defendant also pleads pertinent provisions of the statutory law of Missouri and the construction placed thereon by its courts of last resort. The Missouri statute, §3652, as pleaded by defendant, insofar as pertinent, in substance, provides for a recovery of damages for injuries resulting in death in certain cases, and it specifies the persons who may maintain the action. The record before us discloses that at the date of the death of A. S. J. Hill, and at the time the present action was filed in the district court of Oklahoma county, the deceased left surviving him as his sole heirs, his widow and one minor child. The present action was not brought by the widow, or minor child, as provided by the Missouri statute, but it was instituted by an administrator appointed by the county court of Oklahoma county.

It is defendant's contention that under the Missouri statute the widow was given a preference right to institute the action within six months from the date of her husband's death; that if she neglected so to do her minor daughter could bring the action within a year from the date of the death of her father, but in no event is the cause of action vested in the administrator where the deceased left both widow and child. In Krueger v. Walters, 238 Mo. App.

340, 179 S. W. 2d 615, the Missouri court, construing the cited statute, held:

"Husband or wife, in absence of children, and minor children, if there is no husband or wife, have one year in which to commence action for wrongful death. . . .

"Under death statute, the time of bringing action for death is not reduced, so far as tort-feasor is concerned, by fact that both a spouse and minor children survive, but between surviving spouse and minor children, with respect to which shall be entitled to sue, the statute gives the former a preferential right conditioned that he or she sue within six months after the death."

In the case of Goldschmidt v. Pevely Dairy Co., 341 Mo. 982, 111 S. W. 2d 1, the Supreme Court of Missouri held:

"Widow was required to file death action within six months from husband's death where husband left minor children, or else cause of action would pass under statute from widow and vest in minor children (Mo. St. Ann. §3262, p. 3353).

"A death petition flied by widow of deceased who left minor children, without joining any others, more than six months after her husband's death, stated no cause of action, since under statute there was no cause of action in widow at the time to state (Mo. St. Ann. §3262, p. 3353).

"The minor children of deceased are required to file suit for his death within one year thereof, notwithstanding cause of action is in widow for six months after death (Mo. St. Ann. §§3262, 3264, 3266, pp. 3353, 3377, 3385).

"Where widow filed death petition more than six months, but within one year, after her husband's death, amendment of petition more than one year after husband's death to bring in his minor children as parties plaintiff did not relate back so as to avoid one-year limitation, in view of fact that there was no cause of action in widow when original petition was filed, and hence nothing to which amendment could relate back (Mo. St. Ann. §§3262, 3264, 3266, pp. 3353, 3377, 3385)."

The Supreme Court of Arkansas, in Wheeler v. Southwestern Greyhound Lines, Inc., 207 Ark. 601, 182 S.W. 2d 214, construing the Missouri statute here invoked, held:

"At common law there was no right of action for wrongful death, and whatever right now exists is a right created solely by statute. Mo. R.S.A. Sec. 3652-3656.

"An action for wrongful death is based on the statute of the place where the injury occurred that caused the death. Mo. R.S.A. §3652-3656.

"Where the injury resulting in death of deceased occurred in the State of Missouri, action for wrongful death not brought until more than one year after death was barred by Missouri statute of limitation. Pope's Dig. §5119; Mo. R.S.A. §§3652-3656.

"The one-year period in which wrongful death action must be brought under Missouri statute is a part of the law governing the cause of action, and the limitation must be enforced in Arkansas action for death caused by injuries sustained in Missouri. Pope's Dig. §5119; Mo. R.S.A. 3652-3656."

In the case of Miller v. Tennis, 140 Okla. 185, 282 P. 345, this court stated:

"It is uniformly held by our courts that when an injury occurs in one state and redress is sought in another state, the right of action must stand, if at all, on the statute of the state where the injury occurred:

" 'There is apparently no conflict in the decided cases on the point that so far as the right of action is concerned it must stand if at all on the statute of the state where the injury occurred and not of the state where the redress is sought.' 12 C. J. 454; Hamilton v. Hannibal, etc., R. Co., 39 Kan. 56, 18 P. 57; Oates v. Union Pacific R. Co., 104 Mo. 514, 16 S. W. 487, 24 A.S.R. 349."

In St. Louis & S. F. R. Co. v. Loughmiller, 193 Fed. 689, a decision of the United States District Court for the Western District of Oklahoma, sitting as an appellate court in the action, in an opinion by Judge Pollock held:

"Generally, in a suit on a cause of action which arose in another state, if the laws of that state are not pleaded, the domestic laws will be applied as being presumably the same; but this rule does not apply to rights of action which did not exist at common law."

"In an action for death in another state or country, plaintiff must plead and prove that in such other state there is a statute permitting a recovery; otherwise it will be presumed that the common law is in force there, and that therefore the action is not maintainable."

Commentators on the law have written interesting treatises on the question here at issue. Under the title "Death," 25 C. J. S. §14, the writer states:

"The right of action to recover damages for death caused by wrongful act was first given in England in 1846 by the statute known as Lord Campbell's Act. Thereafter, as a number of authorities have pointed out, statutes providing a remedy in one form or another were enacted in all or practically all of the states of the union, as well as by the Congress of the United States; and the remedy has also been made available in the Philippine Islands and in Hawaii.

"While these statutes may differ greatly in phraseology and in important details of the remedy afforded, in their main essentials they fall into two groups, one consisting of statutes patterned upon Lord Campbell's Act, creating a new cause of action in the designated person or persons, and the other of statutes which provide for the survival of the cause of action which deceased would have had, had he not died. In some jurisdictions, as appears in Sec. 16, both types of remedy are provided for.

"In all cases, the right of recovery being wholly statutory, the action must stand or fall by the terms of the statute under which recovery is sought; there can be no recovery in cases which do not come within its provisions."

On the question by whom the action must be brought, and by whom the action might be maintained, a full discussion of the question, with citations to support the commentator, is found in 25 C.J.S., Death, §28:

"Time to sue. Although, as appears in Section 27 of the C.J.S. title Limitations of Actions, also 37 C.J., p. 729, note 13, the rule is well settled that the time within which an action may be brought relates generally to the remedy, and therefore must be determined by the law of the forum, under the view, considered infra Section 55, that the special limitations contained in statutes authorizing actions for death are not mere statutes of limitation, but go to the right itself and not merely to the remedy, an action for death caused in another state must be brought within the time designated by the special limitation provisions of such other state, regardless of the time fixed by the law of the state in which the action is brought. . . .

"Parties. Within the meaning of the general rule stated supra section 28-A that in an action on a foreign statute all matters of substantive right are governed by the foreign statute, while all questions of practice and procedure are governed by the law of the forum, the question of who may or must sue to enforce a cause of action for death arising in a foreign state is generally held to be one of substantive right, and not one of mere form or procedure. Accordingly such question is governed by the law of the place where the cause of action arose, and upon which it depends, and not by the law of the place where the action is brought. Thus, where the lex loci delecti requires the action to be brought by the personal representative or other use plaintiff, it must be so brought, if at all, even in another state where the lex fori requires like actions to be brought by the beneficiaries in their own name; and conversely, where the lex loci delecti gives the right of action directly to the beneficiaries, they must sue in their own right, notwithstanding the lex fori gives such action only to the personal representative. It is beyond the power of the state to authorize any one to sue upon a cause of action arising under a foreign statute other than one permitted by such foreign statute."

Also, in 16 Am. Jur., Death, §262, it is stated:

"Statutes giving a right of action for death caused by wrongful act, neglect, or default usually make express provisions as to the person by whom such action may be maintained. In this respect, the general rule is that the action is maintainable only in the name of the person designated by the statute; the action may not be maintained, if no such person exists. The right of the particular person to maintain the action is as essential as the liability of the defendant, and for a person to have the right to recover damages in such an action he must bring himself clearly within the terms of the statute. In accordance with the above-stated rules, where, as in Lord Campbell's Act and those statutes modeled thereon, the right of action is given to the personal representatives for the benefit of certain designated persons, the beneficiaries may not personally sue. Under such a provision, the action must be brought and must be maintained to the end by the personal representative of the person for whose death the damages are sought. On the other hand, where the right of action is granted by statute to designated persons other than the personal representatives of the decedent, the latter is not entitled to bring the action. Where the Constitution of a state prohibits retrospective laws touching civil rights, retrospective statutes conferring the right of action on new beneficiaries are void, as they affect not merely the remedy, but the substantive rights of the parties as well."

We are of the opinion, and so hold, that under the decisions referred to, the plaintiff, administrator of the estate of the deceased, did not state a cause of action upon which relief could be granted, and therefore the court did not have jurisdiction of the subject matter. The judgment of the trial court sustaining defendant's motion for judgment on the pleadings is approved.

Judgment affirmed.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.