Juell LaWayne **TUCKER**, a minor, who sues by and through his father and next friend, Juell Elmo Tucker, Plaintiff in Error,

v.

Ruey **TUCKER**, Leslie Paul Oltmanns, and John G. Oltmanns, Defendants in Error.

No. 39680.

Supreme Court of Oklahoma.
April 14, 1964.

Rehearing Denied July 28, 1964.

Application for Leave to File Second Petition for Rehearing Denied Sept. 15, 1964.

B. H. Carey, Berry & Berry, Oklahoma City, for plaintiff in error.

Charles A. Moser, Guthrie, Edgar Fenton, Oklahoma City, for defendants in error.

JACKSON, Justice.

The plaintiff in the trial court, Juell La-Wayne Tucker, a thirteen year old boy, sustained personal injuries while riding as a guest passenger in an automobile driven by his mother. The plaintiff (by and through his father and next friend) brought this action against his mother, Ruey Tucker, basing his right of recovery upon "ordinary" negligence. He also sued the owner and driver of the other automobile involved in the accident, but since they are not involved in the issues argued in this appeal, they will be disregarded hereinafter. After the filing of petition, answer, and reply, the defendant mother filed motion for judgment upon the pleadings. This motion was sustained and from judgment dismissing the action as to the mother the plaintiff appeals.

The plaintiff presents the issue to this court, as follows:

"Under the statutes, constitution, and law of Oklahoma, does the minor plaintiff Juell LaWayne Tucker (emanci-

pated at the time the action was brought but unemancipated at the time the cause of action arose), have an enforceable cause of action in tort against the defendant in error parent Ruey Tucker (especially where liability of defendant in error parent is covered by public liability insurance), for injuries and damages inflicted upon the minor boy by negligence of defendant in error parent in the operation of the automobile in which the minor plaintiff in error was riding as guest passenger at the time of the wreck?"

It seems significant that the common law of England reveals no case law wherein the question has been considered. Hewlett v. George (1891), 68 Miss. 703, 9 So. 885, 13 L.R.A. 682, appears to be the first case where the question has been considered in any reported decision in the United States. In the Mississippi case the court said:

"* * * [t]he peace of society * * * and a sound public policy, designed to subserve the repose of families and the best interests of society, forbid to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent."

The rule expressed in the Mississippi case appears to have been acceptable to the courts in about thirty five states. 19 A.L.R.2d 423, and Supplement Service. However, it is apparent that in the more recent decisions exceptions to the rule are being carved out. Some of those exceptions are noted in 19 A.L.R.2d 423, supra.

In those cases discussing the reasons for the general rule we find manifested, either expressly or by implication, the concern of the sovereign for the preservation and protection of the family unit in general, and of the parent-child relationship in particular. It is said in 67 C.J.S. Parent and Child, § 10, that "The state has an interest in the welfare of children and the authority to protect them, which goes beyond the natural right and authority of the parent to the child's custody, since the primary or paramount control and custody of children is with the state, standing in the relation of parens patriae * * *". It is not too much to say that the concern of the sovereign is not limited to a mere altruistic and solicitous concern for the welfare of those under disability, but is actually, in a sense, a selfish concern, having for its basis its own preservation. Upon the family unit, and more particularly upon the parent-child relationship, the state depends for the care, nurture, education, and moral and spiritual training of children.

From this very real interest in the family and the parent-child relationship, based in part upon the preservation of the state itself, springs the right of the state to interfere with the child's right to sue his parent in tort. In the protection of the child's interest, the state may balance the detriment resulting to the child by the abridgement of his rights against the benefits accruing directly to the child from the continuance of the parent-child relationship unhampered by the possible shattering effect of adversary civil litigation in which damages for personal injury are sought. In the protection of its own interest, the state may balance the detriment resulting to the child against the benefits accruing to the state by reason of the additional safeguards thrown about the parent-child relationship which the state values so much.

In argument plaintiff contends that the State of Oklahoma has already expressed itself in constitutional and statutory provisions, as follows:

"The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong * * *." Art. 2, Sec. 6, Okla. Const.

"Any person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault * * *". 23 O.S.1961, § 3.

"Every person is bound, without contract, to abstain from injuring the person or property of another * * *." 76 O.S.1961, § 1.

The foregoing constitutional and statutory provisions are some of the broad and fundamental provisions expressing principles which underlie any system of jurisprudence based upon the common law, and we may not safely conclude that Oklahoma was legislatively pioneering in the right of a child to sue its parents for injuries sustained as a result of ordinary negligence when the foregoing provisions were adopted. Art. 2, Sec. 6, Okla. Const., supra, originated with Magna Charta. In Re Lee, 64 Okl. 310, 168 P. 53, L.R.A.1818 B, 144. 23 O.S.1961 § 3, supra, appears as Sec. 2845 of the Revised Laws of 1910, and was taken from C.L.Dak.1887. 76 O.S.1961 § 1, supra, appears as Section 992 Revised Laws 1910, and was taken from C.L.Dak. 1887. At the time the foregoing constitutional and statutory provisions were "borrowed" by Oklahoma it apparently had not occurred to any one that a child could sue its parent in a tort action. The question was first presented to this court in 1962 in Powell v. Powell, Okl., 370 P.2d 909. However, for reasons set forth in the opinion we did not decide the issue.

Our attention is invited to Fiedeer v. Fiedeer, 42 Okl. 124, 140 P. 1022, 52 L.R.A., N.S., 189 and Courtney v. Courtney, 184 Okl. 395, 87 P.2d 660. In these actions one spouse sued another in tort, and the plaintiff herein reasons that since the wife could not sue the husband for damages at the common law, the fact that she can do so now amounts an implied declaration of public policy that minor children may now sue their parents. An examination of the cited cases reveals that they were based, at least in part, upon the Oklahoma version of the Married Womens Acts which have been enacted in most states. No comparable statutes specifically concerning the rights of minor children are to be found in Oklahoma law.

Plaintiff contends that if it is the public policy that an unemancipated child may not maintain an action in tort for injuries resulting from ordinary negligence on the part of his parent, the reason for the rule disappears where the parent is protected by public liability insurance. In 39 Am.Jur. Parent and Child, Sec. 90, it is said that "* * * some courts have been reluctant to deny to the child the right to maintain the suit" when the parent has public liability insurance. However, another sentence in the same Am.Jur. section is as follows: "Most courts, however seem to feel that the existence of liability insurance ought not to be given the effect of creating a cause of action where none existed before, and that if the prevalence of liability insurance at the present time calls for any change in the common-law rule, this is a matter for the legislature rather than the judiciary." The insurance contract in the instant case is an indemnity contract and the insurance company does not become liable until the insured parent is legally obligated to pay. Therefore, it seems to us that it is premature to consider the question of insurance unless and until it appears that the insured parent is legally obligated to pay.

Plaintiff points out in argument that a child may sue its parent where the parent claims title to property which belongs to the child, and suggests that property rights are not any more sacred or important than damages resulting from negligently caused personal injuries. However, Oklahoma statutes make it abundantly clear that parents, as such, have no special status where the property of the minor child is concerned. For instance, 30 O.S.1961 § 7, provides that "No person, whether a parent or otherwise, has any power as a guardian of property, except by appointment as hereinafter provided". 10 O.S.1961 § 8, provides that "The parent as such, has no control over the property of the child". These statutes, and others similar to them, are the basis of the child's right to sue the parent when property rights are involved. There are no comparable statutes plainly indicating that the minor may sue the parent in tort.

Plaintiff recognizes that he was unemancipated at the time of the accident and injuries, but alleges that he was emancipated at the time his action was filed. He sug-

gests that his subsequent emancipation enables him to bring this action. We do not agree. In 67 C.J.S. Parent and Child, § 61, at pages 789 and 790 it is said:

"In order to avoid the effect of the rule denying the right of an unemancipated minor child to maintain an action for a tort of the parent, it is essential to prove that the injured child was emancipated at the time of the injury, and the burden of proving emancipation is on plaintiff."

In 19 A.L.R.2d at page 438, it is said:

"An emancipated child cannot maintain an action against his parent for a tort committed before emancipation if at the time of the wrong the action was not maintainable."

In accordance with the prevailing weight of authority, we hold that a minor child may not recover damages from a parent for personal injuries suffered while unemancipated as a result of said parent's ordinary negligence in the operation of an automobile in which the child was riding as a guest passenger; and the fact that an insurance company has contracted to pay on behalf of the insured parent all sums which the insured parent may become legally obligated to pay does not give rise to a cause of action based on the parent's ordinary negligence where no cause of action exists against the parent if not so insured.

The judgment of the trial court is affirmed.

HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.

BLACKBIRD, C. J., dissents.