Logan Carl HILL, a minor, Petitioner,

v.

The Honorable Raymond GRAHAM, Judge of the District Court of Tulsa County, State of Oklahoma, Respondent.

No. 42168.

Supreme Court of Oklahoma.

Jan. 6, 1967.

Rehearing Denied Feb. 21, 1967.

Covington, Gibbon & Poe, Richard D. Gibbon, John S. Morgan, Tulsa, for petitioner.

Wesley V. Disney, Paul R. Hodgson, Tulsa, for respondent.

BERRY, Justice.

This is an original proceeding seeking a writ of prohibition against Raymond Graham, Judge of the District Court of Tulsa County, prohibiting respondent from proceeding further in Cause No. 111498, styled Goldie Lee Hill, Executrix of the Estate of Carl Jackson Hill, deceased, plaintiff, v. Logan Carl Hill, a minor, defendant, now pending in that court. The defendant in Cause No. 111498 is the petitioner herein, and the district judge is the respondent.

Defendant asserts that the respondent is attempting to exercise jurisdiction over a subject matter as to which there is no cause of action in this State.

The essential facts reflected in the pleadings and the record, upon which the issues are framed, will be set forth hereafter.

The defendant, an unemanciapted minor, is the natural son of deceased by a former marriage. On January 31, 1964, the defendant while driving an automobile, in which deceased was a guest passenger, became involved in an accident resulting in the death of the deceased.

Defendant had been living for about a year and a half in the home of deceased and his second wife (the plaintiff) although defendant's legal custody was in the former wife. Defendant had been employed during the period he resided with deceased and the plaintiff, and defendant retained his earnings.

Plaintiff, in her representative capacity, filed the action in the district court for the

wrongful death of her husband. The petition alleged that defendant was guilty of negligence in the operation of the motor vehicle, had violated certain statutes and applicable ordinances of the City of Tulsa and the defendant's negligence was the proximate cause of the death of decedent.

Petitioner has applied to this Court for extraordinary relief prohibiting respondent from proceeding further, upon the basis that since the decedent had no right of action against the unemancipated minor son, the executrix (step-mother) has no greater right. Petitioner bases his position upon the provisions of the wrongful death statute, 12 O.S.1961, § 1053, and our recent decisions in Tucker v. Tucker, Okl., 395 P.2d 67, and Hampton v. Clendinning, Judge, Okl., 416 P.2d 617. Both cases involved issues concerning relative rights of parents and unemancipated minors in negligence actions.

Respondent asserts the determinative issue simply is:

"Can the duly appointed Executrix of the estate of a decedent maintain an action under 12 O.S.1961 § 1053, against a minor child of decedent?"

On this basis respondent resists the application for relief primarily upon the ground that the cited cases are not controlling in the present case, brought under the cited statute. Non-applicability of Tucker and Hampton, supra, as controlling in the present matter is asserted upon assumed differentiation in factual background in that those cases involved: (1) living persons and actions for personal injuries rather than wrongful death; (2) undisrupted family relationships rather than a family disrupted by divorce and death; (3) damages resulting from ordinary negligence, as compared to gross negligence alleged in this case.

We observe this is the first instance our Court has considered the wrongful death statute, supra, in an action brought by the legal representative of a deceased person against such decedent's unemancipated minor child. Solution of the problem re-

quires consideration and application of the statute, supra, to the case law heretofore announced.

■ In Tucker, supra, we held:

"A minor child may not recover damages from a parent for personal injuries suffered while unemancipated as a result of said parent's ordinary negligence in the operation of an automobile in which the child was riding as a guest passenger; and the fact that an insurance company has contracted to pay on behalf of the insured parent all sums which the insured parent may become legally obligated to pay does not give rise to a cause of action based on the parent's ordinary negligence where no cause of action exists against the parent if not so insured."

And, in Hampton v. Clendinning, Judge, supra, we held:

"In this State a parent has no right of action against an unemancipated minor child to recover damages for personal injuries allegedly received as the result of such minor's negligence committed in the course of the family relation."

Respondent now insists that these cases did not establish a rule of absolute immunity, but apply only to cases of ordinary negligence. Further, upon death of plaintiff's decedent a new or additional right of action was created, which deceased would not have had except for the fact of death, and which became animated or active upon his demise.

■ Respondent cites and relies upon City of Shawnee v. Cheek, 41 Okl. 227, 137 P. 724, 51 L.R.A.,N.S., 672, and Gochenour v. St. Louis San Francisco Ry. Co., 205 Okl. 594, 239 P.2d 769, as supporting the contention that section 1053, supra, creates a new, separate and distinct right of action in such circumstances. It is conceded that the wrongful death statute extends to a deceased's legal representative a new and separate cause of action against a wrongdoer. However, it is equally as clear any right of action thus granted by the statute is predi-

cated solely upon the right of action which was personal to the deceased had he lived.

■ The wrongful death statute upon which plaintiff based this alleged cause of action is clear and unambiguous. The plain language of the statute grants the plaintiff a cause of action against the defendant minor in her representative capacity if the father (deceased) "might have maintained an action had he lived, against the latter * * * for the same act or omission. * * *" We see nothing in such language which may be construed as giving plaintiff a cause of action in circumstances where the statute, supra, would not have extended a right of action to deceased prior to his demise. When the language of a statute is plain and unambiguous there is no room for construction of such statute. Forston v. Heisler, Okl., 363 P.2d 949; Special Indemnity Fund v. Harold, Okl., 398 P.2d 827.

The further argument is made, based upon reasoning from other courts, that the reason for prohibiting actions between parents and unemancipated minors originally involved considerations of public policy, designed to subserve repose of the family and maintain the peace of society. Respondent urges that because plaintiff is the step-mother and defendant's legal custody is in the natural mother, death of the father shattered both the relationship and reason for the immunity of the minor from suit. Thus, since the reason behind the rule has been destroyed, the rule itself should fall.

This argument is invalid for two reasons. The first is that such contention was decided adversely in Tucker, supra. There it was urged that the presence of liability insurance should be recognized, as is true in some jurisdictions, as having destroyed the reason for the existing public policy. In denying the validity of such argument we accepted the reasoning of other courts as ground for declining to apply a different rule in absence of a legislative mandate.

■ A second consideration discloses lack of merit in the claim for recognition of

a new rule, because the reason upon which based has been destroyed. This simply is that a right of action cannot be extended to persons because of changed relationships where no right of action existed theretofore. Although considerations of public policy which support a rule have changed, this cannot provide grounds for creating a right of action by judicial legislation where none existed before.

Several cases relied upon by respondent involved a married woman's right of action against her husband. Some of the reasoning expressed in such cases may be considered as supporting arguments advanced here. Certain of these cases and the reasoning upon which based, were discussed in Tucker v. Tucker, 395 P.2d at page 69, and in Hampton v. Clendinning, 416 P.2d at page 620.

Respondent further contends that the action should be permitted because the rule of immunity announced in our decisions applies only to cases of ordinary negligence, whereas the instant action was based upon allegations of gross negligence. Without extended discussion, we note that neither respondent's argument, nor the pleadings and record, demonstrate this to be a case of gross or wilful negligence.

■ Upon consideration of the matters presented, we conclude that no cause of action may be maintained by a step-mother in a representative capacity against an unemancipated minor son to recover damages for wrongful death alleged to have resulted from the minor's negligence. The trial court was without jurisdiction to render judgment since no cause of action existed. Respondent's action in overruling petitioner's motion for summary judgment constituted an assumption of judicial power not granted by law. In such a case prohibition is a proper remedy. Hampton v. Clendinning, Judge, supra.

The application for this Court to assume original jurisdiction is granted, and writ of prohibition accordingly is issued as prayed

for by petitioner, prohibiting further proceedings against Logan Carl Hill.

JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, HODGES and LAVENDER, JJ., concur.