Arthur STEWART, Jr. Administrator of the
Estate of Carl William Stewart,
Deceased, Petitioner,

v.

Carmon C. HARRIS, Judge of the District
Court of Oklahoma County,
Oklahoma, Respondent.

No. 42606.

Supreme Court of Oklahoma.

Oct. 31, 1967.

Rinehart, Morrison & Cooper, Oklahoma City, for petitioner.

James L. Hatfield, Oklahoma City, Paul Pugh and Al Pugh, Oklahoma City, for respondent.

IRWIN, Vice Chief Justice.

The issue presented in this original proceeding is whether an action may be maintained for the benefit of minor children against the estate of their deceased father for the wrongful death of their mother who allegedly died as a result of the negligent acts of the father.

■ The trial court determined that such action could be maintained and in this proceeding Petitioner (defendant) seeks a writ of prohibition prohibiting the trial court from further proceeding in the cause. Since prohibition is a proper remedy to arrest the action of the trial court where a proper showing has been made that such court is proceeding in a cause without jurisdiction (Hampton v. Clendinning, Okl., 416 P.2d 617), this Court accepts jurisdiction to determine the issue presented.

This action was commenced for the benefit of the minors against the administrator of the estate of their deceased father for damages for the wrongful death of the minors' mother, who died as a result of an automobile accident. Defendant filed a demurrer and alleged that the petition did not state a cause of action because it showed on its face that it was "an action by minor children against the estate of their deceased father, and such action is not maintainable being against public policy for a minor to maintain an action * * * against their deceased parent." The trial court overruled defendant's demurrer and this original proceeding was filed to prohibit the trial court from further proceeding.

In determining the issue presented, we must assume that the minors sustained damages as a result of the death of their mother; and that the negligent acts of the deceased father were the proximate cause of her death.

We will first consider under what circumstances an action can be maintained for wrongful death. Title 12 O.S.1961, § 1053, provides:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

In Gochenour v. St. Louis-San Francisco Ry. Co., 205 Okl. 594, 239 P.2d 769, we considered the above statute and said that it "create[s] a new cause of action for wrongful death separate and distinct from the cause of action accruing to the injured person during the lifetime for injuries to his person, and the latter cause of action, by virtue of 12 O.S.A. § 1051, survives the death of the injured person and may also be maintained by his personal representatives. The damages to the injured person's estate begin with the wrong and cease with his death. The damage to the surviving widow and child begin with and flow from the death of the injured person."

■ In Hill v. Graham, Okl., 424 P.2d 35, we said that our wrongful death statute extends to a deceased's legal representative a new and separate cause of action against the wrongdoer but any right of action granted is predicated solely upon the right of action which was personal to the deceased had he lived. We further said that the statute is clear and unambiguous and held that such statute, authorizing an action for wrongful death to be brought by legal representatives of the deceased, is limited to actions which could

have been maintained by deceased had he lived.

It necessarily follows that if no cause of action existed in favor of the minors' mother for her injuries sustained as a result of the accident had she lived, no cause of action exists for her wrongful death.

In Courtney v. Courtney, 184 Okl. 395, 87 P.2d 660, we held that under the Constitution and statutes of Oklahoma, a married woman may maintain an action to recover damages suffered from negligent as well as intentional wrongs inflicted upon her by her husband. See also Fiedeer v. Fiedeer, 42 Okl. 124, 140 P. 1022, 52 L.R.A., N.S., 189.

■ Under the above authorities, had the wife survived the accident and sustained injuries, she could have maintained an action against her deceased husband's personal representatives for injuries to her person. Defendant concedes that the wife could have maintained such action had she lived and by supposition argues that had the children in the instant proceeding been adults, there is nothing in the Oklahoma law which would prevent such action. Defendant's entire defense is based on the proposition that since plaintiffs are unemancipated minor children, an action cannot be maintained for their benefit because Oklahoma is committed to the rule that an unemancipated minor may not sue his parent in a tort action.

In Hill v. Graham, supra, we held that a parent has no right of action against an unemancipated minor child to recover damages for personal injuries allegedly received as a result of such minor's negligence committed in the course of the family relation. In Hill we said that since the deceased father, had he lived, would have had no right of action for the negligent acts of his unemancipated minor son, no cause of action could be maintained for his wrongful death against such minor.

In Hampton v. Clendinning, Judge, Okl., 416 P.2d 617, we said that the rule that a parent cannot maintain an action in tort against an unemancipated minor child appears as the current weight of authority. In Hampton, we issued a writ prohibiting the trial court from further proceeding against an unemancipated minor child in an action where a mother sought recovery against her unemancipated minor child for the alleged negligence of such child.

In Tucker v. Tucker, Okl., 395 P.2d 67, we held that a minor child may not recover damages from a parent for personal injuries suffered while unemancipated as a result of parent's ordinary negligence in the operation of an automobile in which the child was riding as a guest passenger. In Tucker we discussed the question of public policy for an unemancipated minor child to sue his parent for personal injuries, and in considering the distinction between the rights of a minor child to sue his parent for damages resulting from a tort and a wife maintaining a tort action against her husband, we said:

"Our attention is invited to Fiedeer v. Fiedeer, 42 Okl. 124, 140 P. 1022, 52 L.R.A.,N.S., 189 and Courtney v. Courtney, 184 Okl. 395, 87 P.2d 660. In these actions one spouse sued another in tort, and the plaintiff herein reasons that since the wife could not sue the husband for damages at the common law, the fact that she can do so now amounts an implied declaration of public policy that minor children may now sue their parents. An examination of the cited cases reveals that they were based, at least in part, upon the Oklahoma version of the Married Womens Acts which have been enacted in most states. No comparable statutes specifically concerning the rights of minor children are to be found in Oklahoma law."

■ We are not here concerned with the personal injuries sustained by an unemancipated minor child or a parent but with a new cause of action for wrongful death which, if it can be maintained by plaintiffs, began with and flows from the

death of their mother. And if there is statutory authority for maintaining such action, public policy must yield for the Legislature and not the courts must determine the policy of the state to be voiced in statutory enactments, and the power of the Legislature, not its wisdom, is the concern of the courts. See Cotton Club v. Oklahoma Tax Commission, 195 Okl. 403, 404, 158 P.2d 707, and Blackwell Zinc Company v. Parker, Okl., 406 P.2d 965.

We have heretofore concluded that had the mother survived, she could have maintained an action against the estate of her deceased husband for the injuries she sustained. Paraphrasing the language employed in Hill v. Graham, supra, "The wrongful death statute upon which plaintiff base this alleged cause of action is clear and unambiguous. The plaintiff language of the statute grants them a cause of action against the defendant if their mother (deceased) might have maintained an action had she lived, against defendant, for the same act or omission. When the language of a statute is plain and unambiguous there is no room for construction of such statute."

█ It would be necessary for this Court to engraft an exception to the plain and unambiguous language of our wrongful death statute on the grounds of public policy if we were to follow the theory advanced by defendant. This we cannot do. We therefore conclude that although an unemancipated minor child may not maintain an action against a parent for injuries sustained while unemancipated as a result of his parent's ordinary negligence, such rule does not prohibit an action for the benefit of such child against the estate of his deceased father for the wrongful death of his mother under the provisions of Title 12 O.S. 1961, § 1053.

█ Since it would not have been necessary for the mother, had she lived, to prove wilful or wanton negligence on the part of the deceased husband to recover damages for her personal injuries, it is not necessary for plaintiffs to prove wilful or wanton

negligence in this action for wrongful death.

Writ denied.

JACKSON, C. J., and WILLIAMS, BLACKBIRD and McINERNEY, JJ., concur.

DAVISON, HODGES and LAVENDER, JJ., concur in results.

BERRY, J., dissents.