Robert BASSETT, Appellant,

v.

Earl Eugene BASSETT, a minor under the age of 21 years, Appellee.

No. 46368.

Court of Appeals of Oklahoma, Division No. 2.

March 26, 1974.

435

Jerome H. Blumenthal, Oklahoma City, for appellant.

Kent Fleming, Watts, Looney, Nichols, Johnson, & Hayes, Oklahoma City, for appellee.

BACON, Judge.

This appeal challenges the propriety of the trial court's ruling that appellant could not maintain a suit against his 20-year-old son for negligently driving into and killing appellant's horse. Among the legal issues here raised is one attacking the constitutionality of the Oklahoma statute in effect at the time which defined minors as females under 18 years of age and males under 21 years of age.

On November 16, 1971, 20-year-old Earl Bassett (appellee) was living in his parents' home and not contributing any money to his parents for housing or food. On this date, while driving a pickup truck, Earl collided with and killed an expensive horse owned by his father, Robert Bassett (appellant). Appellant filed suit alleging appellee was negligent and the trial court ultimately sustained appellee's motion for summary judgment. In sustaining appellee's motion for summary judgment, the trial court concluded appellee, being an unemancipated minor under the laws of Oklahoma, was immune from a suit *in tort* by his parent.[1]

Appellant urges two propositions for reversal. First, appellant urges Oklahoma reject the doctrine of "intrafamily immunity" or at least as it would apply to torts to personal property. Second, appellant challenges the constitutionality of the controlling statute at the time this cause of action arose which made minors females under 18 years and males under 21 years.[2] The statute was amended[3] in 1972, effective August 1, 1972, defining "Minors, except as otherwise provided by law, *are persons under eighteen (18) years of age. . . .*" (emphasis ours)

We agree with appellant's second proposition which challenged the constitutionality of § 13 before it was amended, and note such proposition went unanswered in appellee's answer brief. We will only discuss appellant's second proposition, because a finding that § 13 prior to amendment was unconstitutional will render the intrafamily immunity issue immaterial in this case.

Appellant challenges § 13 urging it is unconstitutional because it is violative of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. We agree. The following discussion will point up the constitutional aspects of a legislative classification based upon sex which has no fair or substantial relation to the object of the legislation, which is the test for constitutionality.

Probably one of the most cited cases is Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), wherein the high court held an Idaho statute unconstitutional which provided that as between persons

1. Oklahoma has generally followed the doctrine of "intrafamily immunity" and thus denies a parent the right to sue an unemancipated minor child. Workman v. Workman, Okl., 498 P.2d 1384 (1972); Hill v. Graham, Okl., 424 P.2d 35 (1967); Hampton v. Clendinning, Okl., 416 P.2d 617 (1966); Tucker v. Tucker, Okl., 395 P.2d 67 (1964).

2. 15 O.S.1971 § 13:
"Minors except as otherwise provided by law are:

1. Males under twenty-one years of age.
2. Females under eighteen years of age. The periods thus specified must be calculated from the first minute of the day on which persons are born to the same minute of the corresponding day completing the period of minority."

3. 15 O.S.1972 Supp. § 13.

equally qualified to administer estates, males should be given preference to females. In *Reed*, the court said:

" . . . § 15–314 provides that different treatment be accorded to the applicants on the basis of their sex; it thus establishes a classification subject to scrutiny under the Equal Protection Clause."

Section 13, as indicated, defines minors (thus entitling them to certain rights, powers, privileges and immunities) and classifies them by sex, i. e. females under 18, males under 21. Such classification would be subject to scrutiny under the equal protection clause of the United States Constitution according to the *Reed* case.

In *Reed* the Court goes on to say:

"In applying that clause, this Court has consistently recognized that the Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways. Barbier v. Connolly, 113 U.S. 27, 5 S.Ct. 357, 28 L.Ed. 923 (1885); Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911); Railway Express Agency v. New York, 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949); McDonald v. Board of Election Commissioners, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969). The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920). The question presented by this case, then, is whether a difference in the sex of competing applicants for letters of administration bears a rational relationship to a state objective that is sought to be advanced by the operation of §§ 15–312 and 15–314.

. . . . . .

" . . . To give a mandatory preference to members of either sex over members of the other, merely to accomplish the elimination of hearings on the merits, is to make the very kind of arbitrary legislative choice forbidden by the Equal Protection Clause of the Fourteenth Amendment; and whatever may be said as to the positive values of avoiding intrafamily controversy, the choice in this context may not lawfully be mandated solely on the basis of sex.

" . . . The objective of § 15–312 clearly is to establish degrees of entitlement of various classes of persons in accordance with their varying degrees and kinds of relationship to the intestate. Regardless of their sex, persons within any one of the enumerated classes of that section are similarly situated with respect to that objective. By providing dissimilar treatment for men and women who are thus similarly situated, the challenged section violates the Equal Protection Clause. Royster Guano Co. v. Virginia, *supra*."

In a still more recent case by the United States Supreme Court, Frontiero v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973), Mr. Justice Brennan quotes and paraphrases from *Reed* and then discusses the traditional reasons for sex discrimination against women. The Court in *Frontiero* states that both Congress and the United States Supreme Court have concluded that classifications based upon sex are inherently invidious. Such classifications based upon sex, says the Court, are "like classifications based upon race, alienage, and national origin, are inherently suspect and must therefore be subjected to close judicial scrutiny." There can be little doubt in the present case that § 13 would be unconstitutional if

instead of saying males under 21 and females under 18 are minors, the statute said blacks under 18 are minors and whites under 21 are minors. It would clearly be an unreasonable and arbitrary classification based upon race, which, as classifications based upon sex, would be subjected to strict judicial scrutiny and violative of the equal protection clause of the Fourteenth Amendment under *Reed*.

 Sex, like race or origin, is an immutable characteristic determined solely by birth, and to legislate certain rights, powers, privileges and immunities on members of a particular sex, because of their sex, would be violative of the basic concept of our system that such emoluments should bear some relationship to individual responsibility. To distinguish on the basis of sex alone is to completely ignore, say, the intelligence, physical ability and responsibility of an established individual 20-year-old male and yet the instant his sister is born of the other class she is entitled to the rights, powers, privileges and immunities solely because of her birth. Had appellee's sister hit the horse after attaining age 18, the parent could have brought suit to regain his loss, but he could not sue to recover his loss from his son if the son was under 21 years of age.

It is clear then, under the cited cases herein, the classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." Reed v. Reed, supra. The object of § 13 was to define minors, and in classifying by sex, the classification would be unreasonable, arbitrary and not upon grounds of difference fairly and substantially related to a definition of a minor. We therefore find § 13 prior to the 1972 amendment to be unconstitutional because it was violative of the equal protection clause of the United States Constitution.

The case is reversed and remanded to the trial court with instructions to vacate the summary judgment and proceed accordingly.

Reversed and remanded.

BRIGHTMIRE, P. J., and NEPTUNE, J., concur.